16717

FARMER v. NATIONAL SURETY CORP.

(74 S. E. (2d) 580)

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Appellant,*

*Mr. Clement L. McEachern,* of Greenville, *for Respondent.*

February 10, 1953.

STUKES, Justice.

Plaintiff, who is now respondent, brought this action against the insurance company appellant for $3,000.00 damages for personal injuries allegedly suffered by him on Sept. 8, 1952, when he was crossing the road to get on a school bus which was negligently driven, with defective brakes, over plaintiff and dragged him some 50 feet, from which he suffered severe injuries and had to be hospitalized. It was further alleged in the complaint that the appellant had, quoting from paragraph I, "issued its liability insurance policy on school buses in accordance with Article V-A, Section 1

(a) (2) of Act 379 of the Acts of the General Assembly for 1951 as amended by Act approved June 2, 1952."

Appellant demurred to the complaint upon the ground that the policy of insurance which it issued was under section 1 of the act whereby it was not rendered liable to one who is a lawful occupant of a school bus or injured while approaching or leaving it at a point of loading or unloading, and, in effect, that another and different insurer is liable for the injuries to plaintiff under Section 1 (a) (1) of the Act.

The demurrer was overruled by the trial judge with the observation that the allegation of negligence in the complaint brought the plaintiff within the terms of section 1 (a) (2) of the act, and if negligence is proven, that section is applicable and the appellant is liable.

The appeal was submitted without oral argument and the respondent has not filed a brief. In that of appellant it is said that the act which was approved on June 2, 1952, too late for publication in the printed acts of that year, is, in pertinent part, as follows:

Section 1. Act No. 379 of the Acts of 1951 is amended by adding after Article V the following article which shall be Article V-A:

"Article V-A .

"Section 1. (a) The Director of the Sinking Funds and Property Division of the State Budget and Control Board shall procure, by advertising for bids or by negotiation, one or more insurance contracts which shall give insurance coverage on all state-owned school buses which are operated under the authority of, and which are being used for the purposes of, Article V of this act. The insurance contracts shall provide the following benefits:

"(1) For a lawful occupant of any such school bus who suffers personal injuries or death, a death benefit of two thousand dollars ($2,000.00) and an amount sufficient to defray the cost of hospitalization, surgery, medicine, and all

other medical expenses up to three thousand dollars ($3,-000.00);

"(2) For any person, other than a person riding on a school bus, or a person who qualifies for benefits under paragraph (1), who suffers personal injuries or death because of the negligent operation of any such school bus, an amount not exceeding five thousand dollars ($5,000.00) for any one person nor more than twenty-five thousand dollars ($25,-000.00) for any one accident; and

"(3) For any person, other than a person who qualifies for benefits under paragraph (1), whose property is damaged because of the negligent operation of any such school bus, an amount not exceeding five thousand dollars ($5,-000.00).

"(b) The benefits provided for in paragraph (1) of subsection (a) shall exist without regard to fault or negligence. The insurance shall cover any accident which occurs:

"(1) while getting on a school bus;

"(2) while riding within a school bus;

"(3) by being thrown from within a school bus;

"(4) while getting off a school bus;

"(5) by being run down, struck, or run over by a school bus;

"(6) by being run down, struck, or run over while crossing a public highway while approaching or leaving a school bus at the point of loading or unloading; or

"(7) by being run down, struck, or run over by any moving vehicle while en route between home and the point of loading or en route between the point of unloading and home.

"(c) The benefits provided for in paragraphs (2) and (3) of subsection (a) shall be limited to actual damages.

"Section 2. Any action brought under the provisions of Section 1 shall be brought directly against the insurance carrier and shall be brought in the county where the accident occurred. Neither the state nor any agency or political subdivision thereof shall be made a party to any such action."

It is uncontroverted that there are separate insurers and policies for the indemnities provided in 1 (a) (1) and in 1 (a) (2), and that the policy issued by appellant is responsive only to 1(a) (2) and 1(a) (3). It is apparent that respondent has proceeded under 1(a) (2) because it provides damages for personal injuries whereas 1(a) (1) does not, the benefits under the latter being for death and medical expenses. However 1(a) (2) is applicable to, quoting, "other than a person riding on a school bus, or a person who qualifies for benefits under paragraph (1)."

In conformity with the last quoted provision, it is expressly provided thereafter in the cited act, *supra,* that the benefits of 1(a) (1) shall extend to accidents which occur when, quoting 1(b) (6), "by being run down, struck, or run over while crossing a public highway while approaching or leaving a school bus at the point of loading or unloading." This provision precisely covers the accident which is alleged in the complaint. Accordingly, respondent is indemnified under the provisions of (1) (a) (1), which appellant did not insure; and respondent is not covered by the provisions of (1) (a) (2), which appellant did insure.

There is no ambiguity and therefore no room for contrary construction of the statute and conforming insurance policy. *Inman v. Life Ins. Co. of Va.,* S. C., 74 S. E. (2d) 423.

It is clear, therefore, that respondent has proceeded against the wrong insurer, and the demurrer of appellant to the complaint should have been sustained. Of course, whatever cause of action respondent has against the insurer of the liability created by (1) (a) (1), if any, is not affected by this action or its result.

Reversed for entry of judgment sustaining the demurrer and dismissing the complaint.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.