16882

COLLINS v. NATIONAL SURETY CORP.
(82 S. E. (2d) 511)

*Messrs. George W. Freeman, Jr.,* and *James F. Coving-ton, Jr.,* of Bennettsville, for Appellant.

*Messrs. Willcox, Hardee, Houck & Palmer,* of Florence, *for Respondent,*

June 16, 1954.

STUKES, Justice.

This appeal is from an order sustaining demurrer to the complaint. In the latter it was alleged that the plaintiff, inferably a pupil, was injured while engaged in supervised play on the school grounds by the negligent backing over him of a school bus, without warning, whereby plaintiff was seriously injured, for which he was hospitalized, suffered great pain and incurred large medical expenses. Judgment of $5,000 was demanded. The action is similar to that of *Farmer v. National Surety Corp.*, 223 S. C. 143, 74 S. E. (2d) 580. In that opinion the pertinent statute was quoted. It was the Act approved June 2, 1952, but is published along with the 1953 acts in 48 Stat. 3. Reference should be had to one of these citations for the terms of the act, only some of which will be quoted here.

The order under appeal recites that it was conceded by the parties that the policy of insurance issued by the respondent provided coverage under section 1 (a) (2) of the act, under which plaintiff brought his action, but not under section 1 (a) (1). It is also stated in the brief of respondent, to which there was no reply, that it had issued a policy covering school busses as required under section 1 (a) (2), but not 1 (a) (1). There is a further unchallenged statement in the brief to the effect that the policy of another insurer covers 1 (a) (1) and appellant has separately sued upon it.

The problem presented by the *Farmer case* and this are thus identical. Indeed, the actions appear to have been brought upon the same policy of insurance; the injury in the *Farmer case* occurred on September 8, 1952, and that in the instant case on December 29, 1952.

Reference to the act shows that the benefit of section 1 (a) (1) is extended by the terms of 1 (b) (5) to one who is injured, quoting, "by being run down, struck, or run over by a school bus". This clearly includes the accident by which

plaintiff, a pupil, was injured according to the allegations of the complaint.

The argument of appellant has been carefully considered but we are unable to see any distinction between the case and that of Farmer, the authority of which must be followed. The distinction which appellant would make is that he is a beneficiary of the insurance coverage which is responsive to section 1 (a) (1) and also 1 (a) (2). This is clearly untenable because the coverage provided by the last cited section 1 (a) (2) is, quoting it, "For any person, *other than* a person riding on a school bus, or *a person who qualifies for benefits under paragraph (1),* who suffers personal injuries or death because of the negligent operation of any school bus * * *." (Emphasis added.) This is plainly a "third person" provision (as is the property damage insurance provided by 1 (a) (3), which accrues to the benefit of any member of the public. It excludes and excepts, by use of the words "other than", a person riding on a school bus or a person who is within the protection of 1 (a) (1). We have already quoted the provision which brings plaintiff within that protection and thereby excludes him from that of 1 (a) (2).

Appellant argues that a different meaning may be attributed to the words by reason of the commas, which we do not follow. The emphasized clause which excludes appellant from the coverage of 1 (a) (2) is set off by commas, as shown above. The commas may have been unnecessary but they do not change the plain meaning. It may be that they add clarity; certainly they do not lessen it. Moreover, consideration of all of the pertinent provisions of the statute together is convincing that it was not the legislative intent to provide insurance for one person under both 1 (a) (1) and 1 (a) (2). This is further demonstrated by the fact that coverage under the latter is dependent upon negligent operation of the bus, while under the former it is expressly not. Section 1 (b).

The demurrer to the complaint was properly sustained.

Affirmed.

TAYLOR, OXNER and LEGGE, JJ., and J. FRANK EATMON, A. A. J., concur.