17731

Jeff WESTON, as Administrator of the Estate of Melvin Weston, Appellant, v. NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent

(118 S. E. (2d) 67)

*Messrs. Taylor, Rodgers & Cordell,* of Columbia, *for Appellant,*

*Messrs. Nelson, Mullins & Grier,* of Columbia, *for Respondent,*

January 10, 1961.

TAYLOR, Justice.

This appeal arises out of an action brought in the County Court for Richland County by the administrator of the estate of Melvin Weston, a minor under the age of seven years, seeking damages for his wrongful death in the amount of $5,000.00 under the provisions of Sec. 21-840.2(2), Code of Laws of South Carolina, 1952, as amended.

Decedent, at the time of his death on April 15, 1959, was enrolled in the First Grade of Gadsden Elementary School in Richland County but had not attended school since April 7, 1959. On the date in question, he was struck by a school

bus, which was being used at the time to transport pupils to the Gadsden Elementary School and was the one which he would have occupied had he attended school on that day.

Upon conclusion of the plaintiff's testimony, defendant moved for a nonsuit on the ground that the case fell within the provisions of Section 21-840.2(1) and not within the provisions of the second section of the aforesaid Act. Defendant's motion was granted upon the ground that there had been no showing that the deceased was a third party, and the sole question presented in this appeal is whether the trial Judge erred in his conclusion that plaintiff's case came within the provisions of paragraph (1) of Sec. 21-840.2 of the Code of Laws of South Carolina, 1952, as amended, or whether it fell under the provisions of paragraph (2) of said section of the Code.

As heretofore stated, the deceased had last attended school on April 7, 1959, and plaintiff contends that it was not his intention to do so at the time he was struck by the bus and killed; hence, the coverage applicable to instant case falls within the provisions of paragraph (2) of said Act.

There is testimony that decedent, on that date, was not feeling well, had not eaten breakfast, and was not dressed for school. His mother testified:

"A. I got up that morning between 5:30 and 6:00 o'clock. I fixed breakfast. Well, when Melvin woked up he was crying and he refused to eat any breakfast because he wasn't feeling well and he wasn't going to school that morning. In fact, he hadn't been to school that entire week."

\* \* \*

"Q. Did Melvin eat any breakfast that morning? A. No, sir, he didn't."

\* \* \*

"Q. Okay. And had he gone to school that week? A. No, sir, he had not."

\* \* \*

"Q. Well, go ahead. You said—after breakfast what happened? A. Well, after breakfast, I got him dressed. I dressed

him in his dirty bluejeans that he had been playing in all that week because he wasn't going to school and there was no use to get him dressed to go to school because he wasn't going. So I carried him over to his grandmother's house where he was going to stay the rest of the day. I put him out about 7:15 and then I went down to pick up some more girls that ride to work with me."

Robert Weston, brother of the deceased, testified:

"Q. How was little Melvin dressed? A. He was dressed in dirty clothes.

"Q. In what? A. Dirty clothes.

"Q. When he went to school, how was he dressed? A. He was dressed in clean clothes."

\* \* \*

"Q. Who normally leaves with you when you go to get on the bus? A. Me and Leroy and Melvin.

"Q. You and Leroy and Melvin? A. Yes.

"Q. The three of you leave together? A. Yes, sir.

"Q. But on this morning, just you and Leroy left? A. Yes, sir."

There is further testimony to the effect that Robert, Melvin's brother, left the house to board the bus forgetting his lunch money, that he "laid it on the table to go get a book and I forgot about it." After he left his grandmother's house, he boarded the bus and the bus driver shut the door and was in the act of pulling off when Melvin ran across the road and was struck by the bus and killed. Further, within reach of the body was a ten cent piece, which ordinarily was given to the children to pay for lunch while attending school, it being plaintiff's contention that the younger brother was in the act of trying to carry the lunch money to the older brother when he was struck and killed and, therefore, was not a person riding the school bus or one who qualified for benefits under paragraph (1) of Sec. 21-840.2 of the Code of Laws of South Carolina, 1952, as amended.

Section 21-840 of the Code of Laws of South Carolina, 1952, as amended, requires insurance for State-owned busses, and Secs. 21-840.2 and 21-840.4 set forth the benefits provided, as follows:

"The insurance contracts shall provide the following benefits:

"(1) For a lawful occupant of any such school bus who suffers personal injuries or death, a death benefit of two thousand dollars and an amount sufficient to defray the cost of hospitalization, surgery, dentistry, medicine and all other medical expenses up to three thousand dollars, but not more than one hundred fifty dollars for dentistry; and dismemberment and loss of sight benefits as follows:

"(a) For loss of both hands or both feet or sight of both eyes, two thousand dollars;

"(b) For loss of one hand and one foot, two thousand dollars;

"(c) For loss of either hand or foot and sight of one eye, two thousand dollars; and

"(d) For loss of either hand or foot or sight of one eye, one thousand dollars;

"(2) For any person, other than a person riding in a school bus, or a person who qualifies for benefits under paragraph (1), who suffers personal injuries or death because of the negligent operation of any such school bus, an amount not exceeding five thousand dollars for any one person nor more than twenty-five thousand dollars for any one accident; and

"(3) For any person, other than a person who qualifies for benefits under paragraph (1), whose property is damaged because of the negligent operation of any such school bus, an amount not exceeding five thousand dollars."

Section 21-840.4. "Negligence irrelevant in certain cases; accidents covered.

"The benefits provided for in paragraph (1) of Section 21-840.2 shall exist without regard to fault or negligence. The insurance shall cover any accident which occurs:

"(1) While getting on a school bus;

"(2) While riding within a school bus;

"(3) By being thrown from within a school bus;

"(4) While getting off a school bus;

"(5) By being run down, struck, or run over by a school bus;

"(6) By being run down, struck or run over while crossing a public highway while approaching or leaving a school bus at the point of loading or unloading; or

"(7) By being run down, struck or run over by any moving vehicle while enroute between home and the point of loading or enroute between the point of unloading and home."

In *Collins v. National Surety Corp.*, 225 S. C. 405, 82 S. E. (2d) 511, 512, the decedent while engaged in supervised play on the school ground was struck and killed by a school bus being backed over him. This Court in passing upon the question of what coverage was applicable stated:

" * * * The distinction which appellant would make is that he is a beneficiary of the insurance coverage which is responsive to section 1(a) (1) and also 1(a) (2). This is clearly untenable because the coverage provided by the last cited section 1(a) (2) is, quoting it, 'For any person, other than a person riding on a school bus, or a person who qualifies for benefits under paragraph (1), who suffers personal injuries or death because of the negligent operation of any school bus * * *.' This is plainly a 'third person' provision (as is the property damage insurance provided by 1(a) (3)) which accrues to the benefit of any member of the public. It excludes and excepts, by use of the words 'other than', a person riding on a school bus or a person who is within the protection of 1(a) (1). We have already quoted the provision which brings plaintiff within that protection and thereby excludes him from that of 1(a) (2)."
See also *Farmer v. National Surety Corp.*, 223 S. C. 143, 74 S. E. (2d) 580.

Respondent contends that the facts of this case fall within Sec. 21-840.4 which makes specific reference to Sec. 21-840.2 (1) and sets forth that the benefits provided thereunder shall exist without regard to negligence. Sec. 21-840.2(2), however, provides coverage for "any person, other than a person riding in a school bus, or a person who qualifies for benefits under paragraph (1)."

To reconcile the various provisions of the aforementioned acts is attended with some difficulty. It is evident, however, that the Legislature intended to provide for two forms of coverage, one, providing coverage for school children without regard to fault or negligence while doing certain acts in connection with school attendance and, two, where a member of the general public or persons not making use of the facilities for the purpose of attending school are injured by the negligent operation of the school bus.

If the deceased was attempting to board the bus for the purpose of attending school, this case is controlled by *Farmer v. National Surety Corp., supra,* and the Order appealed from should be affirmed. If, however, as contended by plaintiff, the decedent, when injured, was attempting to deliver the forgotten lunch money to his brother and was not attempting to board the bus, he would occupy the position of a "third party" as referred to in *Collins v. National Surety Corp., supra,* and would be required to show negligence on the part of the driver before recovery could be had.

We are of opinion that the question of whether decedent was or was not at the time of injury and death attempting to board the bus for the purpose of attending school was a question for the jury, that the Order appealed from should be reversed and the case remanded for trial in accordance with the foregoing; and it is so ordered. Reversed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.