## 19803

Steven Wayne COATS, an infant, by his guardian ad litem, Wilma F. Coats, Respondent, v. The INSURANCE COMPANY OF NORTH AMERICA, Appellant.

(204 S. E. (2d) 436)

*Wade Hampton Logan, III, Esq.,* of *Holmes, Thomson & Logan,* of Charleston, *for Appellant.*

*Demal I. Mattson, Jr., Esq.,* of Charleston, *for Respondent.*

*Wade Hampton Logan, III, Esq.,* of *Holmes, Thomson & Logan,* of Charleston, *for Appellant,* in Reply.

April 9, 1974.

LEWIS, Justice:

Section 21-840 *et seq.* of the 1962 Code of Laws, as amended, requires that two separate types of liability insurance coverage be carried on all State-owned school buses. The first provides a maximum medical benefit of $3,000.00 for personal injury and is payable to any lawful occupant of a school bus or any school child injured in a school bus connected accident, without regard to fault or negligence. The second provides a maximum single benefit of $10,000.00 and is for the protection of any person, other than those covered under the first type of insurance, who are injured by the negligent operation of a school bus. There is some indication that the above coverages are provided in this case by separate insurers.

The minor plaintiff, a school child, was injured when run over by a school bus, and this action was brought under the foregoing Code sections against the defendant insurance carrier to recover the damages sustained. Plaintiff seeks recovery solely under the second type coverage, that is, as one afforded protection for injuries resulting from the negligent operation of a school bus.

Demurrer was interposed to the complaint upon the ground that it failed to state a cause of action for damages resulting from the negligent operation of a school bus, in that it appeared upon the face of the complaint that plaintiff was entitled to recover, if at all, under the coverage required by the statute for the benefit of school children, without regard to fault or negligence. The demurrer was overruled upon the ground that the question of which type coverage was applicable to plaintiff was a factual issue to be determined upon the trial of the case.

The entire Code sections involved have been set forth in previous decisions of this Court and need not be repeated

here. *Farmer v. National Surety Corp.*, 223 S. C. 143, 74 S. E. (2d) 580; *Collins v. National Surety Corp.*, 225 S. C. 405, 82 S. E. (2d) 511; *Weston v. Nationwide Mutual Insurance Co.*, 237 S. C. 464, 118 S. E. (2d) 67.

The provisions of Code Section 21-840 prescribe the two types of insurance coverage required for school buses. Paragraph 1(a) of that section requires coverage for injuries or death to any "lawful occupant" of any school bus, without regard to fault or negligence; and paragraph (2) extends such benefits to certain stated school bus connected accidents including, quoting 2(e), "by being run down, struck, or run over by a school bus."

The second type coverage is provided under paragraph 1(b) of Section 21-840. It requires liability protection for any person, other than a person riding on a school bus or one who qualifies for benefits under the coverage afforded by the aforementioned paragraph 1(a), who is injured by the negligent operation of the bus.

The two types of coverage are separate and distinct and a person cannot recover under both. *Collins v. National Surety Corp., supra.*

In construing the present statute, the Court stated in *Weston v. Nationwide Mutual Insurance Co., supra:*

"It is evident, however, that the Legislature intended to provide for two forms of coverage, one, providing coverage for school children without regard to ·fault or negligence while doing certain acts in connection with school attendance and, two, where a member of the general public or persons not making use of the facilities for the purpose of attending school are injured by the negligent operation of the school bus."

While the provisions of paragraph 1(a) provide coverage for a "lawful occupant" of a school bus, such coverage has been construed in *Collins v. National Surety Corp., supra,* to include a school child in attendance upon school,

although at the time of injury he was not technically a "lawful occupant" of a school bus.

In *Collins* the school child "was injured while engaged in supervised play on the school grounds by the negligent backing over him of a school bus." He was clearly not an occupant of the school bus at the time of injury. He was injured, however, by the school bus while he was engaged in an activity connected with school attendance. The Court held that he was covered under the insurance provided pursuant to the provisions of paragraph 1(a) and not under the coverage afforded under paragraph 1(b).

In *Farmer v. National Surety Corp., supra,* the school child was injured "when he was crossing the road to get on a school bus which was negligently driven." The Court held that coverage was afforded under paragraph 1(a) of the statute and not under 1(b).

In *Weston v. Nationwide Mutual Ins. Co., supra,* there was an issue of fact as to whether the injured minor was engaged at the time in any activity connected with his attendance at school. It was accordingly held that, if the child was attempting to board the bus to go to school, he would be covered under the insurance provided pursuant to paragraph 1(a), without regard to negligence; but if he was not attending school that day, he would be afforded coverage under paragraph 1(b) for the negligent operation of the bus.

In each of the above cases, it was pointed out, in effect, that the coverage afforded a "lawful occupant" of a school bus under the provisions of paragraph 1(a) was specifically extended by paragraph 2 to "any accident" which occurs under the several conditions named. The coverage afforded under paragraph 1(a) is, therefore, extended by pargaraph 2 to cover any school child, whether a "lawful occupant" of a bus at the time or not, who is injured in any of the situations named in paragraph 2.

The factual allegations of the present complaint, admitted for the purpose of demurrer, are that the minor plaintiff was attending school in Berkeley County, South Carolina, on Friday, October 13, 1973, and when school ended for the day, an employee of the school placed the plaintiff on a school bus to be carried home in direct violation of his mother's instruction that he was not to ride the school bus on that day, but would be picked up by her so that he could be carried to special therapy training. Plaintiff was placed on the school bus over his objections, but was removed when his mother was observed coming for him. When the plaintiff was removed, he started running alongside the bus toward his mother. In doing so, he bumped into a parked vehicle and fell into and was run over by the rear wheels of the bus which had been started in motion immediately after plaintiff was removed therefrom. It was alleged that the injuries to the plaintiff resulted from the negligent operation of the bus, and that defendant was liable therefore as the insurance carrier providing coverage over the State-owned school bus pursuant to Section 21-840.

Although not an occupant of the school bus, the minor plaintiff was engaged in an activity connected with his attendance upon school when he was struck and run over by the school bus. The coverage under paragraph 1(a) is extended by paragraph 2 to a school child when injured "by being run down, struck or run over by a school bus." This provision clearly includes the accident alleged in the complaint. Accordingly, the plaintiff was not covered by the provisions of paragraph 1(b) which insures against the negligent operation of the school bus; and since recovery is sought solely under that provision, the lower court should have sustained the demurrer. This, of course, does not affect any other cause of action which plaintiff might have.

Judgment is accordingly reversed for entry of judgment sustaining the demurrer and dismissing the complaint.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.