20436

Dana STEINMEYER, by her guardian ad litem, Glenda Steinmeyer, Respondent, v. NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.

(235 S. E. (2d) 131)

*Messrs. Henderson, Salley, Lynn & Farmer,* of Aiken, *for Appellant,*

*Messrs. Blatt, Fales, Bedingfield, Loadholt, Poole, Motley & Richardson,* of Barnwell, *for Respondent,*

May 19, 1977.

LITTLEJOHN, Justice:

This action was brought by Dana Steinmeyer, a high school student, against the defendant Nationwide Mutual Insurance Company for personal injuries sustained when a school bus collided with the automobile in which she was

riding as a passenger. The defendant answered the complaint, alleging that its policy of insurance, issued pursuant to § 21-840(1)(b), Code of Laws of South Carolina (1962) *as amended* (Supp. 1975), did not provide coverage. It is the contention of the defendant that the plaintiff's claim is covered by a policy of insurance issued by another insurance company under the provisions of § 21-840(1)(a). The lower court granted summary judgment in favor of the plaintiff. Defendant has appealed.

The plaintiff was a senior at Barnwell High School. After school was dismissed one day, she went to the parking lot and entered a private automobile driven by a third party named Cheek. As Cheek proceeded to drive the automobile from the school grounds, but while still on school property, the bus "rear-ended" his automobile, injuring the plaintiff. Section 21-840 requires insurance on all state-owned school buses. Subsection (1)(a) requires no fault coverage to the "lawful occupants" of a school bus who are injured, the limits of recovery being $3,000 medical payments. That section provides benefits as follows:

"(a) For the lawful occupant of any such school bus who suffers personal injuries or death, a death benefit of ten thousand dollars and an amount sufficient to defray the cost of hospitalization, surgery, dentistry, medicine and all other medical expenses up to three thousand dollars, . . ."

Subsection (2) details the benefits which the no fault policy must provide:

"(2) The benefits provided for in paragraph (a) of subsection (1) shall exist without regard to fault or negligence. The insurance shall cover any accident which occurs.

(a) while getting on a school bus,
(b) while riding within a school bus,
(c) by being thrown from within a school bus,
(d) while getting off a school bus,
(e) by being run down, struck or run over by a school bus,

(f) by being run down, struck or run over while crossing a public highway while approaching or leaving a school bus at the point of loading or unloading or

(g) by being run down, struck or run over by any moving vehicle while en route between home and the point of loading or in route between the point of unloading and home."

Subsection (1)(b) requires what is commonly referred to as liability coverage for other persons:

"(b) For any person, other than a person riding a school bus, or a person who qualifies for benefits under paragraph (a), who suffers personal injuries or death because of the negligent operation of any such school bus, an amount not exceeding ten thousand dollars for any one person nor more than twenty-five thousand dollars for any one accident, . . ."

The question for determination is whether subsection (1)(a) or subsection (1) (b) applies. The significance of the determination is that subsection (1)(a) provides insurance for medical payments only, to be made on a no fault basis to an injured student in the amount of $3,000; whereas, subsection (1)(b) provides general liability insurance up to $10,000, covering actual damages to a claimant upon a showing of negligence.

The liability coverage does not apply, in keeping with the terms of the statute, if the student is covered by the no fault policy. *Farmer v. National Surety Corp.,* 223 S. C. 143, 74 S. E. (2d) 580 (1953). We are of the opinion that the lower court correctly held that the facts of this case bring into application the liability policy issued pursuant to subsection (1)(b).

In *Weston v. Nationwide Mutual Ins. Co.,* 237 S. C. 464, 118 S. E. (2d) 67 (1961), this Court discussed the two coverages:

"To reconcile the various provisions of the aforementioned acts is attended with some difficulty. It is evident, however, that the Legislature intended to provide for two forms of

coverage, one, providing coverage for school children without regard to fault or negligence while doing certain acts in connection with school attendance and, two, where a member of the general public or persons not making use of the facilities for the purpose of attending school are injured by the negligent operation of the school bus."

In *Sossamon v. Nationwide Mutual Ins. Co.,* 243 S. C. 552, 135 S. E. (2d) 87 (1964), the following appears:

"Section 21-840 of the Code requires insurance on all state-owned school buses and provides for two forms of coverage: (1) school children, without regard to fault or negligence, while doing certain acts in connection with school attendance; and (2) where a member of the general public or person, *not making use of the facilities for the purpose of attending school,* are injured by the negligent operation of the school bus. *Weston v. Nationwide Mutual Ins. Co.,* 237 S. C. 464, 118 S. E. (2d) 67." (Emphasis added.)

Subsection (1)(a) contemplates coverage for bus-use-connected accidents. The plaintiff was not using the bus, or attempting to do so. She was not within the sphere of bus operational hazards which endanger users of school bus facilities as contemplated by the statute.

Having concluded that the lower court correctly decided the issue, it follows that the order appealed from is

Affirmed.

LEWIS, C. J., RHODES and GREGORY, JJ, and JOSEPH R. Moss, Acting Associate Justice, concur.