21563

D. W. NANCE, Jr., as Administrator of the Estate of Shawn Ellen Nance, Respondent v. STATE BOARD OF EDUCATION and Sherry Denise Boyer, Defendants, of whom State Board of Education is Appellant.

(282 S. E. (2d) 848)

*Pledger M. Bishop, Jr.,* of *Buist, Moore, Smythe & McGee,* Charleston, *for appellant.*

*G. Dan Bowling* of *Goodstein, Bowling, Douglas & Philips,* Charleston, *for respondent.*

September 15, 1981.

Ness, Justice.

Appellant State Board of Education appeals from an order overruling its demurrer to respondent's complaint. We affirm.

Respondent's decedent, Shawn Ellen Nance, was struck and killed by a school bus. Respondent proceeded under the Wrongful Death Act, S. C. Code § 15-51-10 (1976), and S. C. Code § 59-67-710 (1976) seeking money damages for the death of the decedent *and* the personal injuries suffered by the decedent's parents, of whom respondent was father. Appellant demurred on the basis that the respondent could not recover for the wrongful death of his daughter *and* for the personal injuries to the parents under § 59-67-710.

■ Appellant argues the parents of the decedent are not entitled to recover for their personal injuries under the Wrongful Death Act because the act is limited to actions which the deceased could have maintained had she lived. Appellant misinterprets the act. Once it has been established the deceased could have maintained an action for damages, then her statutory beneficiaries are entitled to bring an action for pecuniary loss, mental shock and suffering, wounded feelings, grief, sorrow, loss of society and companionship, etc. *Mishoe v. Atlantic Coast Line R. Co., et al.,* 186 S. C. 402, 197 S. E. 97 (1938); *Smith v. Wells,* 258 S. C. 316, 188 S. E. (2d) 470 (1972).

■ Appellant next asserts § 59-67-710 limits recovery of money damages to either an occupant of a school bus *or* non-occupant but not both. We disagree.

Section 59-67-710(1)(a) permits recovery for death or damages to an occupant of a school bus without proof of fault or negligence; while § 59-67-710(1)(b) allows recovery, upon proof of fault or negligence, to any person, other than an occupant or someone qualifying for benefits under (1)(a).

Here, the parents of the decedent were not occupants of the school bus, nor were they qualified to receive benefits for

their injuries under (1)(a). However, if they can prove fault or negligence they should be able to recover for the personal injuries they suffered as a result of the death of their daughter by the alleged negligent operation of the school bus.

Respondent is not seeking a double recovery as asserted by the appellant. All respondent seeks are damages for his daughter's wrongful death under § 59-67-710(1)(a) and damages for the parents' personal injuries under § 59-67-710(1)(b).

We hold § 59-67-710(1)(b) affords respondent a cause of action for the parents' personal injuries exclusive of § 59-67-710(1)(a).

Moreover, appellant's exceptions to the trial court's interpretation of § 59-67-710 raise important questions of novel impression, which could have far reaching effect, and should not be decided by way of demurrer. *State ex rel. McLeod v. Fritz Waidner Sports Cars, Inc.*, 274 S. C. 332, 263 S. E. (2d) 384 (1980).

The order of the trial court overruling appellant's demurrer is affirmed and the case is remanded for trial on the merits.

Affirmed and remanded.

LEWIS, C. J., and GREGORY and HARWELL, JJ., concur.

LITTLEJOHN, J., dissents.

HARWELL, Justice (concurring):

I concur with the majority opinion which allows the respondent to sue the State Board of Education for his daughter's wrongful death under Section 59-67-710(1)(a), South Carolina Code of Laws (1976) and for the parents' personal injuries under Section 59-67-710(1)(b). However, I believe that the doctrine of sovereign immunity is no longer justifiable and would prefer to abolish it altogether. See my concurrence with the dissenting opinions of *Reed v. S. C. Department of Highways and Public Transportation*, Opinion No. 21535, Smith's 8/8/81 and *Belue v. City of Spartanburg*, Opinion No. 21470, Smith's 6/1/81.

LITTLEJOHN, Justice (dissenting):

I respectfully dissent and would reverse the order of the circuit court.

The majority opinion holds:

". . . . Respondent seeks . . . damages for his daughter's wrongful death under § 59-67-710(1)(a) and damages for the parents' personal injuries under § 59-67-710(1)(b)."

The opinion goes on to approve the pursuit of both claims.

The claims are permitted solely by reason of the statute. Section 59-67-770 provides:

"Nothing in this article shall be construed as a waiver of the State's general immunity from liability and suit."

In *Coates v. Insurance Co. of North America* we held:

"The two types of coverage [subsections (1)(a) and (1)(b) of § 59-67-710] are separate and distinct and a person cannot recover under both. *Collins v. National Surety Corp. Supra.*" [225 S. C. 405, 82 S. E. (2d) 511]

Our holding was mandated by (1)(b) of the statute which at the time provided coverage "For any person, *other than . . . a person who qualifies for benefits under paragraph (a),* who suffers personal injuries or death. . . ." (emphasis added)

I would hold in this case that recovery may not be had under both sections of this statute.