0009

Hazel TONEY, Jr., Administrator of the Estate of Keysha Lashawn Toney, Respondent, v. SOUTH CAROLINA DEPARTMENT OF EDUCATION, Appellant.

(309 S. E. (2d) 773)

Court of Appeals

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Paul S. League* and *J. Emory Smith, Jr.,* Columbia, *for appellant.*

*Ellis Merritt, Jr.,* of *Louthian & Merritt,* Columbia, and *Thomas P. Cothran,* of *Cothran & Cothran,* Bishopville, *for respondent.*

Nov. 28, 1983.

SANDERS, Chief Judge:

This case arises out of the death of a child killed in an accident involving two public school buses. Respondent Toney, as administrator of the child's estate, brought suit against appellant South Carolina Department of Education. The Department demurred on the ground of sovereign immunity and asserted further by its demurrer that it appeared from the complaint respondent had received all relief to which he was entitled. The lower court overruled the demurrer. We affirm.

We first address the question of whether the judge

■ below was correct in overruling the demurrer because it did not appear on the face of the complaint that the Department has the benefit of sovereign immunity. This common law doctrine holds generally that neither the State nor any of its agencies may be sued without the express consent of the legislature. *McKenzie v. McKenzie*, 276 S. C. 461, 279 S. E. (2d) 609 (1981); *Hazard v. South Carolina State Highway Department*, 264 S. C. 386, 215 S. E. (2d) 438 (1975). A suit against a department of state government is actually one against the State itself. *United States Casualty Co. v. State Highway Department of South Carolina*, 155 S. C. 77, 151 S. E. 887 (1930).

As provided by section 15-13-320 of the 1976 Code, a defendant may demur when it appears on the face of the complaint that the court has no personal or subject matter jurisdiction or when sufficient facts constituting a cause of action are not stated. Paragraph 2 of the complaint in this case states, in part: "[t]he Defendant is an agency and department of the State of S. C. . . ." The judge therefore erred in overruling this ground of the demurrer. *Id.* This error does not require reversal, however, because in overruling the other ground of the demurrer the judge correctly decided the State had waived its immunity.

The issue presented by the alternative ground of the demurrer is whether section 59-67-710 of the 1976 Code, as amended, is a waiver of sovereign immunity that will afford the relief Toney seeks. The language of the Code section applicable here has been set forth in previous decisions of our Supreme Court and need not be repeated here in its entirety. *Farmer v. National Surety Corp.*, 223 S. C. 143, 74 S. E. (2d) 580 (1953); *Collins v. National Surety Corp.*, 225 S. C. 405, 82 S. E. (2d) 511 (1954); *Weston v. Nationwide Mutual Insurance Company*, 237 S. C. 464, 118 S. E. (2d) 67 (1961).

It appears from the complaint that this accident involved two school buses, referred to here as "Bus A" and "Bus B." The Toney child had been a passenger (occupant) on Bus A when it stopped to let her off to go home. As she crossed the highway in front of the stopped bus, Bus B passed Bus A, striking and killing her.

Section 59-67-710, as applicable to these facts, provides two separate and distinct types of insurance coverage in para-

graphs 1(a) and 1(b) respectively. *Weston.* Paragraph 1(a) provides a $15,000 death benefit for lawful "occupants" of a school bus. Paragraph 2 goes on to provide that this benefit is not dependent on "fault or negligence." Further provisions of paragraph 2 extend the usual meaning of the word "occupant" to include a person getting off a school bus [2(d)], struck while crossing a public highway while leaving a school bus at the point of unloading [2(f)], struck by a school bus [2(e)], and struck by any moving vehicle while in route between home and the point of unloading [2(g)].

We construe these provisions of paragraph 2 as referring to the "no fault" death benefit provided by 1(a) because paragraph 2 begins by reference to 1(a) and clearly speaks in its first sentence to the benefit specified by 1(a). Furthermore, the case of *Coats v. Insurance Company of North America,* 262 S. C. 331, 204 S. E. (2d) 436 (1974), and the cases cited therein, construe paragraph 2 of the statute in this way. Accordingly, Toney was properly paid the death benefit provided a school bus "occupant" by paragraph 1(a).[1]

Paragraph 1(b) provides insurance coverage separate from 1(a) coverage, not to exceed $15,000 actual damages, for the benefit of "any person" who suffers death due to the negligent operation of a school bus. The complaint alleges such negligence by the driver of Bus B and seeks damages in the amount of $15,000.

The Department calls attention to the further provision of paragraph 1(b) which prohibits recovery by a person "who qualified for benefits under (a)." Citing *Coats v. Insurance Company of North America,* the Department argues that this language prohibits recovery by Toney against Bus B since he has already collected the 1(a) benefit provided for an "occupant" of Bus A.

We find the *Coats* case can be readily distinguished on its facts. In *Coats,* only one bus was involved. The Plaintiff was an "occupant" of that bus pursuant to 1(a) and 2, having just left it when he was run over and injured by the same bus. The Court correctly held that he could not

---

[1] It is unclear from the complaint whether the $15,000 was paid as the benefit provided by 1(a) or as a result of the alleged negligence of Bus B. However, the demurrer refers to the benefit as being paid pursuant to 1(a), and it is so treated in the briefs of both parties.

collect the insurance provided by paragraph 1(b) because he was qualified instead for the 1(a) "no fault" benefit.[2] In the case at hand, the facts are obviously different in that two buses are involved. We therefore hold that Toney is entitled to collect the no fault benefit provided to an "occupant" of Bus A and may further pursue collection of the separate coverage provided for persons injured by the negligent operation of Bus B.

We view this holding as not inconsistent with the *Coats* decision which held that since separate insurance coverages were provided for a bus, and qualification for one excluded collection of the other, plaintiff could not collect both. Here, however, not only are there separate coverages provided, but separate buses as well. The language of the statute prohibiting collection of both coverages from one bus does not logically prevent collecting one benefit from one bus and pursuing collection of the other coverage from another bus.

The Department argues that because paragraph 1(a) provides "a death benefit," which has already been paid, recovery may not be pursued under 1(b) for the alleged negligent operation of Bus B. The Department contends this would amount to allowing the estate "two death benefits." We do not so construe the statute. The coverage provided by 1(b) is not a "death benefit," but is rather insurance coverage which requires proof of negligence.

In other words, paragraph 1(a) provides an absolute right to collect $15,000 as a death benefit without regard to fault or damages suffered and (b) amounts to a waiver of immunity by the state allowing a tort claim based on negligence for up to $15,000 actual damages.[3]

Finally, we call attention to *Nance v. State Board of Education*, 277 S. C. 64, 282 S. E. (2d) 848 (1981) not cited by either party here. This case involved only one school bus. A child was struck and killed by that bus. The Administrator of the child's estate brought suit for the child's death under 1(a) and damages for the loss of society and companionship, etc., pursuant to 1(b). The Court held that plaintiff could collect under

---

[2] Paragraph 1(a), in addition to the death benefit, also provides certain benefits for a person injured.

[3] Paragraph 3 limits recovery under 1(b) to actual damages.

both paragraphs. Moreover, the Court held that the interpretation of this statute is not a question which should be disposed of by demurrer. We view this case as dispositive of the issues raised here.

Accordingly, the order of the lower court is

Affirmed.

GARDNER and BELL, JJ., concur.

## ON PETITION FOR REHEARING

SANDERS, Chief Judge:

The Department of Education has petitioned for a rehearing on the ground that *Nance v. State Board of Education*, 277 S. C. 64, 282 S. E. (2d) 848 (1981), is inapplicable to this case. Since *Nance* was raised for the first time in our opinion rather than in the briefs of the parties, we consider it appropriate to address separately the Department's objection to *Nance*.

The Department takes the position that *Nance* is not applicable because it was decided under an earlier version of section 1(b) of the statute. That former version provided liability coverage for "personal injuries or death." Prior to the accident in this case, paragraph 1(b) was amended to provide coverage for "bodily injuries or death." While the amendment may now preclude an action of the type brought by the parents in *Nance* for the parents' pecuniary loss, mental shock and suffering, wounded feelings, grief, sorrow, and loss of the child's society and companionship, it does not alter the Supreme Court's holding that recovery may be had under *both* paragraph 1(a) and paragraph 1(b) in appropriate circumstances.

We adhere to our opinion that recovery under both paragraphs is prohibited only where recovery of the no fault benefit under 1(a) and damages for liability under 1(b) are sought from one bus with respect to the injury or death of the same person. That was the factual situation addressed by the Supreme Court in *Coats v. Insurance Company of North America*, 262 S. C. 331, 204 S. E. (2d) 436 (1974), and in *Collins v. National Surety Corp.*, 225 S. C. 405, 82 S. E. (2d) 511 (1954), relied upon by the Department. We are not persuaded the Supreme Court intended the rationale of those cases to extend beyond their own facts.

For these reasons the petition for rehearing is denied. This order shall be reported with the opinion of the Court in this case.

Petition for rehearing denied.

GARDNER and BELL, JJ., concur.