22233

Hazel TONEY, Jr., Administrator of the Estate of Keysha Lashawn Toney (Deceased), Respondent, v. SOUTH CAROLINA DEPARTMENT OF EDUCATION, Appellant.

(327 S. E. (2d) 322)

Supreme Court

402

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. J. Emory Smith, Jr.,* and *Rhett P. Dove, III,* of *Nelson, Mullins, Grier & Scarborough,* Columbia, *for appellant.*

*Herbert W. Louthian,* Columbia, *for respondent.*

Writ Issued May 16, 1984.

Heard Oct. 15, 1984.

Decided Feb. 7, 1985.

LITTLEJOHN, Chief Justice:

We granted a writ of certiorari to review the decision of the Court of Appeals in this case. The opinion of the Court of Appeals reported at 279 S. C. 484, 309 S. E. (2d) 773 (1983) is based upon an error of law and is quashed.

Keysha Toney, a second grade student, was a passenger on a school bus (Bus A). Soon after she debarked, a second school bus (Bus B) passed Bus A injuring the child. Keysha died four days later as a result of the injuries.

After recovering the non-fault death benefits provided by subsection (1)(a) of S. C. Code Ann. § 59-67-710, the respondent commenced this action seeking additional compen-

sation under subsection (1)(b) of § 59-67-710 based on the negligent operation of Bus B.

Section 59-67-710 provides two forms of coverage. Subsection (1)(a) provides coverage for a person injured or killed by the negligent operation of a school bus if recovery is not available under subsection (1)(a).

At the time of the accident, the decedent was not an "occupant" of either Bus A or Bus B. She was clearly a pedestrian.

Under § 59-67-710(2)(f), the no-fault benefits of subsection (1)(a) are extended to school children who are "run down, struck or run over while crossing a public highway while ... leaving a school bus at the point of ... unloading." Since the decedent was in the course of crossing a public highway after getting off Bus A, respondent was properly allowed to collect the non-fault benefits under subsection (1)(a). *Farmer v. National Surety Corp.*, 223 S. C. 143, 74 S. E. (2d) 580 (1953).

Under § 59-67-710(2)(e), the benefits of subsection (1)(a) are also extended to school children who are "run down, struck or run over by a school bus." Since the decedent was struck by Bus B, she was also covered under subsection (1)(a) based on Bus B's involvement in the accident. *Coats v. Insurance Company of North America*, 262 S. C. 331, 204 S. E. (2d) 436 (1974).

The coverages provided by subsection (1)(a) and (1)(b) are separate and distinct and one person cannot recover under both. *Coats v. Insurance Company of North America, supra; Collins v. National Surety Corp.*, 225 S. C. 405, 82 S. E. (2d) 511 (1954). The statutory language is quite specific. Subsection (1)(b) provides coverage "[f]or any person, other than ... a person who qualified for benefits under paragraph (a)." Had the decedent lived, she could not have maintained an action under subsection (1)(b) since she is clearly covered by subsection (1)(a) as to both buses.

Since the decedent had no right to sue under subsection (1)(b) for her injuries, the respondent has no corresponding right to maintain such an action under the Survival Act, S. C. Code Ann. § 15-5-90. *Layne v. International Brotherhood of Electrical Workers*, 271 S. C. 346, 247 S. E. (2d) 346 (1978). To the extent the Court of Appeals'

opinion may be read to indicate that the respondent may recover damages under the Survival Act based on the negligent operation of Bus B, it is in error.

Nor can the respondent maintain an action under subsection (1)(b) to obtain the damages provided by the Wrongful Death Act, S. C. Code Ann. §§ 15-51-10 to -60. Under the Act, a decedent's personal representative may maintain a suit to recover the statutory beneficiaries' personal injuries caused by the decedent's death. These injuries include pecuniary loss, mental shock and suffering, wounded feelings, grief, sorrow, and loss of society and companionship. *Smith v. Wells*, 258 S. C. 316, 188 S. E. (2d) 470 (1972).

In *Nance v. State Board of Education*, 277 S. C. 64, 282 S. E. (2d) 848 (1981), this Court held that the language of subsection (1)(b) was broad enough to allow the recovery of damages to compensate the decedent's Wrongful Death Act beneficiaries. However, that decision did not consider the impact of Act No. 215 of 1977 which was not effective at the time of the death in that case.

Section 1 of Act No. 215 changed the kind of injuries recoverable under subsection (1)(b) from "personal injuries" to "bodily injuries." It is clear that the term "bodily injuries" is much narrower than the term "personal injuries." *Sheffield v. American Indemnity Company*, 245 S. C. 389, 140 S. E. (2d) 787 (1965); *Sossamon v. Nationwide Mutural Insurance Company*, 243 S. C. 552, 135 S. E. (2d) 87 (1964); 45 C. J. S. *Insurance* § 827. In our opinion, the kinds of injuries recoverable under the Wrongful Death Act are not included within the term "bodily injuries." Therefore, the respondent may not maintain an action seeking such damages based on subsection (1)(b).

Having concluded that the respondent may not maintain an action under either the Survival Act or the Wrongful Death Act based on the negligent operation of either school bus, no actual damages can be recovered under subsection (1)(b). The trial judge should have sustained the demurrer.

Additionally, we are also of the opinion that § 59-67-710 was not intended to allow a separate recovery based on each school bus involved in an accident. Instead, § 59-67-710 provides a single recovery up to the limits provided for injury or death regardless of the number

of school buses involved. Therefore, this action cannot be maintained since benefits under subsection (1)(a) have already been recovered.

Accordingly, the opinion of the Court of Appeals is quashed, the case is remanded to the trial court for the entry of judgment in favor of the South Carolina Department of Education.

Quashed and remanded.

GREGORY and HARWELL, JJ., concur.

NESS, Justice, dissenting:

I respectfully dissent.

I would hold that as two buses are involved, Toney is entitled to collect the no fault benefit provided to an "occupant" of Bus "A" and may also pursue benefits under the separate coverage provided for persons injured by the negligent operation of Bus "B."

Keysha Toney, a second grade student, was a passenger on a school bus (Bus "A"). Soon after she debarked, a second school bus (Bus "B") passed Bus "A" striking and killing the child. Respondent has already received no fault death benefits from appellant under subsection (1)(a). This action involves a second suit seeking negligent death benefits under subsection (1)(b).

When *one* school bus injures or kills a school child, benefits are available under subsection (1)(a) or subsection (1)(b), whichever is applicable, but not both. No school child can be an occupant and a non-occupant of a single school bus at the same time. *Coats v. Insurance Company of North America,* 262 S. C. 331, 204 S. E. (2d) 436 (1974); *Weston v. Nationwide Mutual Insurance Company,* 237 S. C. 464, 118 S. E. (2d) 67 (1961); *Collins v. National Surety Corporation,* 225 S. C. 405, 82 S. E. (2d) 511 (1954); *Farmer v. National Surety Corporation,* 223 S. C. 143, 74 S. E. (2d) 580 (1953).

In the instant case two school buses were involved.

The statute provides two types of insurance coverage on state-owned school buses which are clearly articulated — one is to benefit the school bus occupant, the other is to benefit the non-occupant, a member of the general public. Subsection

(1)(a) provides benefits for death or bodily injury suffered by an occupant of a school bus without regard to fault or negligence. Decedent was an occupant of Bus "A" departing when the accident occurred. Respondent properly recovered death benefits from the insurance policy on Bus "A" under this section.

Subsection (1)(b) provides benefits for death or bodily injury because of negligent operation of a school bus for a person other than a person riding on the school bus or a person qualified for benefits under subsection (1)(a). Decedent was not riding on Bus "B". Nor did she qualify for benefits under subsection (1)(a) of Bus "B's" insurance coverage. Had the second bus been a Greyhound rather than a school bus, respondent would have unquestionably been allowed to recover under the first school bus's no fault coverage *and* under Greyhound's liability coverage if negligence were proven.

I interpret § 59-67-710 of the 1976 Code as providing under paragraph (1)(a) a no fault right to collect the death benefit and (1)(b) a claim based on negligence for the death benefit, each not to exceed $15,000 actual damages.

I would hold respondent is entitled to recover under subsection (1)(b) of Bus "B's" insurance policy provided negligence is established.

CHANDLER, J., concurs with the dissent.