**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Deutsche Bank National Trust Company as Trustee for the MLMI Trust Series 2007-MLNI, Respondent,

v.

Rhonda Booms, Appellant.

Appellate Case No. 2013-001185

───────────

Appeal From Anderson County
J. Cordell Maddox, Jr., Circuit Court Judge

───────────

Unpublished Opinion No. 2015-UP-097
Heard January 7, 2015 – Filed February 25, 2015

───────────

**AFFIRMED**

───────────

Charles R. Griffin, Jr., of Anderson, for Appellant.

Robert A. Muckenfuss and J. Curtis Griner, both of Charlotte, NC, and Elizabeth Marion Zwickert Timmermans, of Raleigh, NC, all of McGuireWoods LLP; Harriet Pollitt Wallace, of Rogers Townsend & Thomas, PC, of Greenville; and Samuel Calvin Waters, of The Waters Firm, LLC, of Columbia, all for Respondent.

───────────

**PER CURIAM:**  In this foreclosure action, Rhonda Booms contends the circuit court erred in (1) finding the maximum recovery she was permitted under the attorney preference statute was a $7,500 setoff of the foreclosure judgment, (2) failing to find Deutsche Bank National Trust Company ("Deutsche Bank") was barred from recovery pursuant to the doctrine of unclean hands, (3) granting Deutsche Bank's motion in limine to exclude testimony regarding any statements made to Booms by the mortgage servicer, (4) holding neither the note nor the mortgage were unconscionable, and (5) failing to find Deutsche Bank was not a holder in due course.[1]  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the circuit court erred in finding the maximum recovery Booms was permitted under the attorney preference statute was a $7,500 setoff of the foreclosure judgment: S.C. Code Ann. § 37-10-105(A) (2015) ("If a creditor violates a provision of this chapter, the debtor has a cause of action . . . to recover actual damages and also a right in an action . . . to recover from the person violating this chapter a penalty in an amount determined by the court of . . . not more than seven thousand five hundred dollars."); *Smith v. Wells*, 258 S.C. 316, 319, 188 S.E.2d 470, 471 (1972) ("We have also held that only such future or prospective damages may be recovered as the evidence renders it reasonably certain will of necessity result from the alleged injury."); *Rosemond v. Campbell*, 288 S.C. 516, 522, 343 S.E.2d 641, 645 (Ct. App. 1986) ("At common law, an assignee's rights can be no greater than those of his assignor." (citation omitted)); *id.* at 523, 343 S.E.2d at 645 ("Consequently, the assignee of a debt takes the obligation subject to all claims and defenses the obligor may have against the assignor." (citation omitted)); *id.* ("However, absent an agreement to the contrary, the common law assignee takes only the benefits, not the burdens of the assigned obligation." (citation omitted)); *id.* ("Thus, as against the assignee, the obligor can only assert a claim defensively when the assignee seeks to enforce the obligation; he has no common law right to sue the assignee affirmatively on a claim against the assignor arising from the underlying obligation." (citations omitted)).

2.  As to whether the circuit court erred in failing to find Deutsche Bank was barred from recovery pursuant to the doctrine of unclean hands: *Matrix Fin. Servs. Corp. v. Frazer*, 394 S.C. 134, 140, 714 S.E.2d 532, 535 (2011) ("We take this opportunity to definitively state that a lender may not enjoy the benefit of equitable remedies when that lender failed to have attorney supervision during the loan

---

[1] We have consolidated Booms's issues into five issues for the purposes of clarity and brevity.

process as required by our law. *We apply this ruling to all filing dates after the issuance of this opinion*." (emphasis added)); *BAC Home Loan Servicing, L.P. v. Kinder*, 398 S.C. 619, 624, 731 S.E.2d 547, 550 (2012) ("To the extent some confusion apparently exists as to what filing date *Matrix* referred to, we clarify now that it is the date the document a party seeks to enforce was filed."); *id.* ("Here, Systems' mortgage was recorded on April 20, 2007, well before the issuance of *Matrix*. *Thus, regardless of whether an attorney participated in the closing of Mortgage 2, BAC would not be barred from recovery by the illegality*." (emphasis added)).

3. As to whether the circuit court erred in granting Deutsche Bank's motion in limine to exclude testimony regarding any statements made to Booms by the mortgage servicer: Rule 402, SCRE ("Evidence which is not relevant is not admissible."); *Whaley v. CSX Transp., Inc.*, 362 S.C. 456, 483, 609 S.E.2d 286, 300 (2005) ("The admission of evidence is within the trial judge's discretion and his decision will not be reversed absent an abuse of discretion." (citation omitted)).

4. As to Booms's claim that the circuit court erred in holding neither the note nor the mortgage were unconscionable, we find the record does not support Booms's argument. *See Simpson v. MSA of Myrtle Beach, Inc.*, 373 S.C. 14, 24-25, 644 S.E.2d 663, 668 (2007) ("In South Carolina, unconscionability is defined as the absence of meaningful choice on the part of one party due to one-sided contract provisions, together with terms that are so oppressive that no reasonable person would make them and no fair and honest person would accept them." (citation omitted)); *Hardee v. Hardee*, 348 S.C. 84, 95-96, 558 S.E.2d 264, 269-70 (Ct. App. 2001), *aff'd as modified*, 355 S.C. 382, 585 S.E.2d 501 (2003) ("In determining unconscionability, courts are limited to considering facts and circumstances existing when the contract was executed." (citing *Restatement (Second) of Contracts* § 208 (1981))).

5. As to whether the circuit court erred in failing to find Deutsche Bank was not a holder in due course, the circuit court awarded Booms a setoff of the foreclosure judgment in the amount of $7,500 to reduce the amount owing on the note, thereby implicitly finding Deutsche Bank was not a holder in due course. *See* S.C. Code Ann. § 36-3-305(b) (Supp. 2014) ("The right of a holder in due course to enforce the obligation of a party to pay the instrument is subject to defenses of the obligor stated in Subsection (a)(1), but is not subject to . . . claims in recoupment stated in Subsection (a)(3) against a person other than the holder.").

**AFFIRMED.**

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**