[Civ. No. 12179. Fourth Dist., Div. Two. Dec. 13, 1972.]

EMPLOYERS CASUALTY INSURANCE COMPANY,
Plaintiff and Appellant, v.
JOHN W. FOUST et al., Defendants and Respondents.

**COUNSEL**

Garrett & Dimino, Inc., and Kenneth R. Garrett for Plaintiff and Appellant.

Garber, Sokoloff & Van Dyke, Inc., and John M. Van Dyke for Defendants and Respondents.

**OPINION**

**GABBERT, J.**—This litigation arose out of an accident which occurred on August 7, 1970, when David F. Foust, a minor, was struck and injured by an automobile being driven in an allegedly negligent manner by appellant's insured, James E. Cusick. Thereafter an action was filed against the driver by the boy's parents, John W. and Regina C. Foust, and by David F. Foust (through his guardian ad litem, John W. Foust). The complaint alleged causes of action for loss of the child's services ($10,000), loss of the wife's services ($25,000), emotional distress as to the wife ($100,000), emotional distress as to the husband ($100,000), and general damages ($1,500,000).

At the time of the accident, Mr. Cusick was insured under a $25,000/$50,000 liability policy. Pursuant to settlement negotiations, appellant paid $25,000 for a covenant not to further sue which was entered into by and between John W. Foust as guardian ad litem for David, and James E. Cusick, the driver and defendant in the personal injury action then on file. John and Regina Foust, however, reserved the right to continue suit for their alleged emotional distress and resulting physical injuries.

Appellant insurance company then filed a complaint for declaratory relief. This appeal challenges the correctness of a judgment in declaratory relief entered in favor of respondents. The controversy concerns the respective rights of the parties in the automobile insurance policy.[1] The superior court held appellant's liability in the instant case was fixed by the $50,000 maximum policy limit—as opposed to the $25,000 maximum single limit—since more than one person suffered bodily injury as a proximate result of the automobile accident negligently caused by appellant's policy holder. The above ruling was the subject of a timely appeal, and is now properly before this court.

---

[1]The parties, for the purpose of determining their respective rights in the action for declaratory relief, stipulated to the facts. The trial judge based his judgment on such facts; they are set out, in part, in this opinion.

In the action for declaratory relief the trial judge made findings of fact (based on the stipulations agreed to by the parties) that Mrs. Foust, David's mother, "suffered severe fright, shock, and emotional distress, and resulting physical injuries" as a direct and proximate result of actually witnessing the collision of the automobile with her child. The trial court additionally found that Mr. Foust, the child's father, learned of the severe injuries to his child within 10 minutes of the collision; as a result thereof he likewise "suffered severe fright, shock, emotional distress and resulting physical injuries. . . ."

The sole question before us involves the proper compass of the term "bodily injury" in appellant's policy. Specifically, the question is whether bodily injury resulting from emotional distress is recoverable under the policy when the person sustaining such injury in the accident was in no way externally touched by the vehicle nor placed in fear of his life. If, as we hereafter conclude, the answer is in the affirmative, then the entire limit of the policy ($50,000) is available to satisfy any judgment the respondents, or either of them, may eventually recover.

Appellant's insurance policy outlines the insurer's obligations, in pertinent part, as follows:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of: A. Bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by any person; B. . . .; arising out of the ownership, maintenance or use of the owned automobile. . . ."

The policy further states: "The limit of bodily injury liability stated in the declarations [$25,000/$50,000] as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury sustained by one person as the result of any one occurrence; the limit of such liability stated in the declarations as applicable to 'each occurrence' is, subject to the above provision respecting each person, the total limit of the company's liability for all such damages arising out of bodily injury sustained by two or more persons as the result of any one occurrence."

Under circumstances where the case was submitted upon a stipulation of facts and no evidence in aid of the language of the insurance policies was presented, the construction of the language in an insurance policy is a question of law. (*Paul Masson Co.* v. *Colonial Ins. Co.,* 14 Cal.App.3d 265, 268 [92 Cal.Rptr. 463]; *Continental Cas. Co.* v. *Phoenix Constr. Co.,* 46 Cal.2d 423, 429, 430 [296 P.2d 801].) Ambiguities

or uncertainties in policy language will be construed against the insurer in order to achieve coverage for the losses to which the policy relates. (*Perkins* v. *Fireman's Fund Indem. Co.*, 44 Cal.App.2d 427, 431 [112 P.2d 670].) Nonetheless, an insurance policy, like any other contract, must be construed in its entirety and given a reasonable construction. (*Ibid.* at p. 431.)

■ Appellant maintains new case law, specifically citing *Dillon* v. *Legg*, 68 Cal.2d 728 [69 Cal.Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316], does not by judicial fiat change the terms of an insurance policy that clearly relates to "bodily injury." In the *Dillon* case the California Supreme Court upheld the complaint of a mother who claimed great emotional distress and consequent physical injuries upon witnessing her daughter's death through the alleged negligence of the defendant driver. Another daughter, Cheryl, saw the incident and was herself in the zone of danger. The court noted the anomaly of allowing a cause of action to Cheryl, but not to the mother when the single incident brought similar injuries to both. This ruling in favor of the mother, Mrs. Dillon, marked an important expansion of tort liability. The *Dillon* court did not, however, allow recovery for mere emotional distress; rather, it carefully indicated that such emotional distress must be evidenced by physical injury.

Appellant's oversight in not recognizing that a *Dillon* recovery must be based on consequent physical injury and its further lapse in not recognizing that physical injury accompanied the emotional distress in the instant case are fatal flaws in its argument. It is noted that the effective date of the policy at issue was July 24, 1970, some two years after *Dillon* v. *Legg, supra,* was decided. The insurance policy issued by appellant explicitly undertook to pay all sums which the insured should legally become obligated to pay as damages because of bodily injury. The court found there were resulting physical injuries to Mr. and Mrs. Foust. Therefore, absent an express exclusion, it would be reasonable for a purchaser of automobile liability insurance to assume he would have coverage for *Dillon* v. *Legg* type emotional distress when such distress was accompanied by consequent physical injury.

Since reasonable men would assume to the contrary, appellant cannot be allowed to successfully maintain the term "bodily injury" is not inclusive of "emotional distress and resulting physical injury." ■ Canons of construction dictate that courts interpret form contracts to mean what a reasonable buyer would expect them to mean, thus protecting the weaker buyers' expectation at the expense of the stronger positioned draftsman. (See Patterson, *The Interpretation and Construction of Contracts* (1964)

64 Colum.L.Rev. 833, 858.) Therefore, this court finds the term "bodily injury" in appellant's policy covers bodily or physical injury even where such injury is proximately caused, not by direct collision, but by emotional distress induced directly or indirectly by such collision.

■ Having discovered the term "bodily injury" must logically also include physical injury directly resultant from emotional distress, it remains to be answered whether this emotional distress is itself compensable under the policy. Again, the answer must be in the affirmative because the only damage exclusion appearing in the policy states:

"The limit of bodily injury liability stated in the declarations [$25,000/ $50,000] as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury sustained by one person as the result of any one occurrence."

The quoted language permits and includes within damages resulting from bodily injury those damages for care and loss of services. That language indicates two things. Initially, it shows that any other item of damages which might result from bodily injury is not excluded merely because of express mention of two such items. Under well recognized rules of construction, the inclusion of some items but not all is not the exclusion of those not mentioned. Secondly, the language demonstrates that the policy includes within the scope of bodily injury those damages for care and loss of services, thus showing the company has adopted an expanded definition of bodily injury within the meaning of their policy. Such a definition of bodily injury may fairly be interpreted to include accompanying emotional distress.

Appellant places its main emphasis on cases which are inapposite in the instant situation. Argument is made that emotional distress and resulting physical injuries should be treated as "special damages" which are derivative to the cause of action of the person suffering physical injuries. Cited cases, among many others, include: *Campbell* v. *Farmers Ins. Exchange,* 260 Cal.App.2d 105 [67 Cal.Rptr. 175]; *Valdez* v. *Interinsurance Exchange,* 246 Cal.App.2d 1 [54 Cal.Rptr. 906]; and *Perkins* v. *Fireman's Fund Indem. Co., supra,* 44 Cal.App.2d 427. All of these cases dealt with persons who had *not* suffered bodily injury, but who were nevertheless seeking some sort of monetary relief. In the instant case the trial judge made findings based on the stipulated facts that both Mr. and Mrs. Foust had suffered physical, or bodily, injury.

*Perkins* v. *Fireman's Fund Indem. Co., supra,* a representative case,

involved a situation in which only the wife was injured, but both the husband and wife sued for special damages so as to get to the total limits of the policy. Both the trial and appellate court in *Perkins* held the single limits to be applicable since they found policy language to clearly limit insurer liability according to the number of persons injured, and not according to the number of persons suffering loss by reason of another's bodily injury. Thus, in that case, where the wife (who was the only one suffering injury in the accident) had already been paid the policy limit of $10,000, the court upheld the insurer's contention that under the terms of its policy the limit of liability, where only "one person" suffers bodily injury, is $10,000. Consequently, the single limit of $10,000—as opposed to the $20,000 limit where more than one person is injured—represented all damages of any type that could be recovered from the insurer by any party as a result of the wife's injury.

As clearly indicated above, the *Perkins* case and others cited by appellant are not reasonably analogized to the instant case. This is because there is no reasonable doubt that emotional distress and resulting physical injuries fall within the legal meaning of the language "bodily injury." Therefore, there is coverage under the multiple limits on the face of the policy— i.e., $50,000—when, as is set forth in the determination of the trial court and the stipulation of the parties, both Mr. and Mrs. Foust suffered emotional distress with resulting physical injuries.

The judgment is affirmed.

Tamura, Acting P. J., and Kaufman, J., concurred.