493 A.2d 346

**Paul Joseph DALEY et al.**

v.

**UNITED SERVICES AUTOMOBILE ASSOCIATION.**

No. 4, Sept. Term, 1985.

Court of Appeals of Maryland.

June 7, 1985.

David B. Lamb, Washington, D.C. (Lamb, Ochs & Maw, Washington, D.C., on brief), for appellant.

Don F. Ryder, Jr., Rockville (Schroeder, Ryder & Braden, Rockville, on brief), for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY and COUCH, JJ.

COUCH, Judge.

Appellants Paul and Mary Daley[1] are the parents of a deceased child who was struck and killed by an automobile driven by James Dyer, an insured of the appellee, United Services Automobile Association (USAA). As a result of the child's death, the Daleys filed suit in the Circuit Court for Montgomery County against Dyer and Jimmy's Charcoal Den, Inc., a tavern where Dyer had consumed alcohol prior to the incident. Mr. Daley also sued as the personal representative of his son's estate. Settlement negotiations ensued with Mr. Dyer and a consent judgment was entered against Dyer in favor of the Daleys and their son's estate. The insurer, USAA, signed the consent judgment approving it "as to form only, but not as to contents."

---

1. Throughout the proceedings in the lower courts, appellants' last name was spelled "Daley"; in their brief, however, it is spelled "Daly." We shall spell it as it is spelled above, which is the way it is spelled on the docket entry of this Court.

USAA then filed a declaratory judgment action in the Circuit Court for Montgomery County seeking an interpretation of Mr. Dyer's policy with USAA in order to determine whether its liability under the policy was $100,000, the per person bodily injury liability limit of the policy, or $200,000, the per occurrence bodily injury limit of the policy. It requested the trial court to

"Determine that plaintiff, United Services Automobile Association, is legally obligated to pay plaintiffs in Law No. 56381, [the wrongful death and survival actions] no more than $100,000, the per person bodily injury liability limit of plaintiff's policy with defendant, Dyer."

Both parties filed Motions for Summary Judgment and, at a hearing before Judge Ruben, judgment was granted for USAA. The docket entry reflects the following:

7-31-84 # 15 Hearing on Plaintiff's [USAA's] Motion for Summary Judgment (# 10) (Ruben, J.)—granted. Judgment entered in favor of United Services Automobile Association, against Defendants: James E. Dyer; Paul Joseph Daley; Personal Representative of the estate of Paul Joseph Daley, Jr., Paul Joseph Daley, Individually; and Mary B. Daley. Tape: 7/31/84-5-154.4-169.8.

The Daleys appealed to the Court of Special Appeals. That court dismissed the appeal for failure to file an information report pursuant to Md.Rule 1023, but the court subsequently reinstated the appeal after the report was filed with the court. While the appeal was pending before that court, we granted certiorari on our own motion to consider whether the Daleys' claims were subject to the per person bodily injury limit of USAA's policy. *Daley v. United Services Auto. Ass'n*, 302 Md. 421, 488 A.2d 948 (1985). We shall vacate the judgment of the circuit court and remand the appeal to that court for entry of a new judgment which includes a declaration of the rights of the parties as provided by § 3-406 of the Maryland Uniform

Declaratory Judgments Act (1974, 1984 Repl.Vol.), Courts and Judicial Proceedings Article.

Section 3–406 states:

"Any person interested under a deed, will, trust, land patent, written contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, administrative rule or regulation, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, administrative rule or regulation, land patent, contract, or franchise and *obtain a declaration of rights, status, or other legal relations under it.*" (Emphasis supplied).

This Court has repeatedly held that "a declaration of rights under a statute, regulation, contract, etc.," should ordinarily contain "a decree passing upon and adjudicating the issues raised." *Mauzy v. Hornbeck,* 285 Md. 84, 90–91, 400 A.2d 1091, 1095 (1979) and cases and statute cited therein. In *Robert T. Foley Co. v. W.S.S.C.,* 283 Md. 140, 389 A.2d 350 (1978), a case cited in *Mauzy, supra,* we reviewed a ruling by the circuit court which was similar to the ruling entered on the docket in this appeal. We noted that "[t]he court's decree said nothing regarding the merits of the case, reciting only that the defendant's motion for summary judgment was granted and the plaintiffs' motion was denied", and we held that "the circuit court erred by failing to set forth in its judgment a declaration of the parties' rights with regard to the issue raised." *Id.* at 155, 389 A.2d at 359. In this appeal the circuit court's decree is virtually identical to the decree in *Foley;* it grants USAA's motion for summary judgment and judgment in USAA's favor against the Daleys, but it fails to declare the rights of the parties with regard to the issue raised. Once again we hold that the circuit court erred in failing to declare the rights of the parties. Accordingly, we remand this appeal to the Circuit Court for Montgomery County for entry of a new judgment including a declaration of the rights of the parties.

JUDGMENT OF THE CIRCUIT COURT FOR MONT-
GOMERY COUNTY VACATED AND CASE REMANDED
TO THAT COURT FOR FURTHER PROCEEDINGS IN
ACCORDANCE WITH THIS OPINION.

COSTS TO ABIDE THE RESULT.