[No. 12782–9–I.   Division One.   September 9, 1985.]

UNITED PACIFIC INSURANCE COMPANY, *Respondent,* v. JONNY LEE EDGECOMB, *Appellant.*

*Victor Haglund* and *Paul Stocker,* for appellant.

*Hackett, Beecher, Hart, Branom, Vavrichek & Drury,* *James M. Beecher,* and *Theodore H. Millan,* for respondent.

CORBETT, C.J.—Jonny Lee Edgecomb appeals the declaratory judgment limiting his recovery under an insurance policy issued by United Pacific Insurance Company (United Pacific). We affirm.

In September 1978 a car driven by Richard Pursell collided with Edgecomb's pickup truck. With Edgecomb in the truck was his 5-year-old son, Matthew, who suffered permanent neurological injury. Edgecomb suffered a concussion, multiple lacerations and contusions, as well as injuries to his ankle and neck. Pursell was insured by United Pacific with coverage limits of $100,000 for bodily injury to each person and $300,000 for each occurrence.

Matthew's claim was settled for $82,500. Shortly thereafter, Edgecomb filed a complaint against Pursell for his own injuries. In his amended complaint, he sought damages for

acute and permanent mental and emotional distress such as deep depression, anxiety, anguish, amnesia and forgetfulness as a direct result of the initial shock of and thereafter the constant observation of the catastrophic permanent injuries sustained by . . . Matthew . . .

A stipulation was entered which limited Edgecomb to recovery within the policy limits.

The jury returned a special verdict, awarding Edgecomb $61,772 ($50,000 of which was attributable to his claim for mental and emotional distress) reduced by 30 percent attributable to his negligence. Judgment was entered on the verdict for $43,241 ($61,772 reduced by 30 percent).

United Pacific paid Edgecomb $25,740.40 ($17,500 which was the amount remaining under the $100,000 policy limits, plus $8,240.40 which was the amount reduced by 30 percent for the physical injuries suffered by Edgecomb in the accident). United Pacific then brought this action for declaratory relief to determine that all funds due Edgecomb had been paid.

Edgecomb assigns error to the granting of the declaratory judgment and the denial of his motion for reconsideration. He asserts that his claim for mental and emotional distress is not restricted by the single person limit of Pursell's insurance policy.

■ Damages which are consequential, not direct, and are derivative from bodily injury to another are restricted to the single person limit of the policy, *Zoda v. Mutual of Enumclaw Ins. Co.*, 38 Wn. App. 98, 100, 684 P.2d 91 (1984), which in this case is $100,000. The general rule as to consequential damages is discussed in 8A J. Appleman, *Insurance* § 4893, at 60 (1981):

> [I]t often happens that there are consequential damages, as well as the damages suffered by the injured person himself. Thus, where a wife or child is injured, the husband or parent may also suffer consequential injuries by reason of liability for hospital and doctor bills or for loss of services or consortium. But it has been held that these different types of injuries cannot be split up, in order to bring the claim within the higher policy limits; they are regarded as essentially injuries to one person, so that the lower policy limits applicable to injuries sustained by any one person would govern.

Edgecomb's grief and mental anguish are consequential damages arising from the injuries to Matthew rather than direct damages. *West Am. Ins. Co. v. Buchanan*, 11 Wn. App. 823, 827, 525 P.2d 831 (1974); *see Thompson v. Grange Ins. Ass'n*, 34 Wn. App. 151, 161–62, 660 P.2d 307 (1983). Therefore, the damage award for injuries to the child is combined with the damage award for the parent's anguish and grief which are derivative of and entirely dependent upon the injury to the child. *Buchanan*, at 827; *see Thompson*, at 161–62.

Edgecomb relies on California cases to support his claim that his injuries are not merely derivative from those of Matthew's. These cases are distinguishable. *Employers Cas. Ins. Co. v. Foust*, 29 Cal. App. 3d 382, 105 Cal. Rptr. 505 (1972) only permitted the mother to recover under the insurance policy for bodily injury separately from her

injured son's coverage because her damages were a direct and proximate result of witnessing a car collide with him. *Foust,* 105 Cal. Rptr. at 507. The limited application of *Foust* was emphasized in *United Serv. Auto. Ass'n v. Warner,* 64 Cal. App. 3d 957, 135 Cal. Rptr. 34, 38 (1976) and *Vanguard Ins. Co. v. Schabatka,* 46 Cal. App. 3d 887, 120 Cal. Rptr. 614, 619, 621 (1975), cases in which the court rejected similar claims where the injuries were not the result of witnessing the respective accidents. Edgecomb is claiming damages for his injuries resulting from witnessing the consequences of the accident upon his son, not from witnessing the occurrence of the accident itself.

It is not disputed that Edgecomb suffered grief and mental anguish and that such damages are recoverable either under RCW 4.24.010[1] or as the result of negligent infliction of mental distress. *See Corrigal v. Ball & Dodd Funeral Home, Inc.,* 89 Wn.2d 959, 962, 577 P.2d 580 (1978). Rather, the dispute centers around coverage under the insurance policy, which must be read as limiting the obligation to pay damages that are derivative or consequential from the injuries to one person to the limits of the policy for injury to that person.

The trial court did not err in entering the declaratory judgment.

Affirmed.

SWANSON and WILLIAMS, JJ., concur.

---

[1] "The mother or father or both may maintain an action as plaintiff for the injury or death of a minor child . . .

" . . .

"In such an action, in addition to damages for medical, hospital, medication expenses, and loss of services and support, damages may be recovered for the loss of love and companionship of the child and for injury to or destruction of the parent–child relationship in such amount as, under all the circumstances of the case, may be just." RCW 4.24.010.