### 1160

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant v. Candus RAMSEY, Candus Ramsey, Administratrix of the Estate of Deana M. Ramsey, Deceased, and Barbara B. Hellebrand, Respondents.

(368 S. E. (2d) 477)

Court of Appeals

*H. Spencer King*, of *King, Cothran & Hray*, Spartanburg, *for appellant.*

*Kenneth L. Holland* and *Wade S. Weatherford, III,* Gaffney, *for respondents.*

Heard Feb. 24, 1988.

Decided May 9, 1988.

SHAW, Judge:

This is a declaratory judgment action. State Farm Mutual Automobile Insurance Company appeals from an order of the circuit court holding that emotional trauma is bodily injury for which damages may be assessed under a standard automobile liability insurance policy. We affirm.

Respondent Candus Ramsey witnessed defendant Barbara B. Hellebrand's striking and killing of her daughter, Deana M. Ramsey, with her automobile. The policy provides liability coverage on Mrs. Hellebrand's automobile of $25,000 per person and $50,000 per occurrence. The company admitted liability and paid for the daughter's death. Mrs. Ramsey seeks to recover damages for emotional trauma as bodily injury.

This is a novel question in south Carolina.

Emotional trauma was determined to be bodily injury in *Spaugh v. Atlantic Coast Line R. Co.,* 158 S. C. 25, 155 S. E. 145 (1930). There a plaintiff recovered damages when erroneous directions from a trainman resulted in her being delayed to her destination and caused her nervous strain and sickness. The court held "to receive bodily injury as regards recovery of damages, plaintiff need not lose limb or have wound inflicted." The modern trend recognizes that emotional tranquility is an interest worthy of protection. See *Ramirez v. Armstrong,* 100 N. M. 538, 673 P. (2d) 822 (1983); *Portee v. Jaffee,* 84 N. J. 88, 417 A. (2d) 521 (1980). Our Supreme Court has recognized this trend and has allowed recovery for intentional infliction of emotional distress. *Ford v. Hutson,* 276 S. C. 157, 276 S. E. (2d) 776 (1981). Also, compensation for mental shock and suffering, wounded feelings, grief and sorrow has beyond question been allowed in wrongful death actions under Lord Campbell's Act. *Mishoe v. Atlantic Coast Line R. Co.,* 186 S. C. 402, 197 S. E. 97 (1938).

Following the rationale of *Dillon v. Legg,* 68 Cal. (2d) 728,

69 Cal. Rptr. 72, 441 P. (2d) 912 (1968) which held a by-stander could recover for emotional trauma flowing from injuries to another under specific conditions, our Supreme Court established a new cause of action in tort for emotional distress to certain bystanders in *Kinard v. Augusta Sash & Door Co.*, 286 S. C. 579, 336 S. E. (2d) 465 (1985). The elements are as follows:

(a) the negligence of the defendant must cause death or serious physical injury to another;

(b) the plantiff bystander must be in close proximity to the accident;

(c) the plaintiff and the victim must be closely related;

(d) the plaintiff must contemporaneously perceive the accident; and

(e) the emotional distress must both manifest itself by physical symptoms capable of objective diagnosis and be established by expert testimony.

In this case, the policy provides:

SECTION 1—LIABILITY—COVERAGE A

We will:

1. pay damages which an insured becomes legally liable to pay because of:

a. bodily injury to others, and

b. damage to or destruction of property including loss of its use, caused by accident resulting from the ownership, maintenance or use of your car; . . .

Therefore, we hold that negligent infliction of emotional trauma is a bodily injury for which damages may be recovered under a standard policy of insurance. However, by this holding, we do not conclude that such a clause in a policy affords automatic coverage. The burden is on respondent to prove derivative damages under the elements of *Kinard*, supra.

Affirmed.

GARDNER, J., concurs.

CURETON, J., concurs in separate opinion.

CURETON, Judge (concurring):

The issue in this declaratory judgment action is the applicability of the multiple limits provision of an automobile insurance policy to a cause of action for negligent infliction of emotional distress when the bodily injury limit for one person has been exhausted. Barbara B. Hellebrand was insured by State Farm Mutual Automobile Insurance Company. The policy provided liability limits of Twenty Five Thousand Dollars ($25,000) for bodily injury to each person and Fifty Thousand Dollars ($50,000) for bodily injury for each accident. Bodily injury is defined in the policy as "bodily injury to a person and sickness, disease or death which results from it." Under the "Limits of Liability" provision the policy contains the following language:

> Under "Each Person" is the amount of coverage for all damages due to *bodily injury* to one *person*. Under "Each Accident" is the total amount of coverage for all damages due to *bodily injury* to two or more *persons* in the same accident. (emphasis in original)

Deana M. Ramsey, the daughter of Candus Ramsey, was struck and killed by an automobile operated by Hellebrand. Representatives of Ramsey and State Farm negotiated a settlement of the survival and wrongful death actions related to the death of the child. The parties specifically reserved a determination of the claim of Candus Ramsey for negligent infliction of emotional distress. State Farm paid the sum of Twenty Five Thousand Dollars ($25,000) in settlement of the survival and wrongful death actions. State Farm contends this is the applicable policy limit. Ramsey contends an additional bodily injury limit of Twenty Five Thousand Dollars ($25,000) is applicable to provide coverage for her negligent infliction of emotional distress claim. State Farm brought a declaratory judgment action to determine this coverage issue. The trial court determined the additional limit of coverage would be applicable to the claim of negligent infliction of emotional distress. In making this determination the trial court held "bodily injury" was contemplated by the physical symptoms manifestation requirement enunciated in *Kinard v. Augusta Sash and Door Co.*, 286 S. C. 579, 336 S. E. (2d) 465 (1985). The trial court held the words

"bodily" and "physical" were interchangeable.

The South Carolina Supreme Court has distinguished the terms "bodily injury" and "personal injury." The court held the term "bodily injuries" was much narrower than the term "personal injuries." *Toney v. South Carolina Dept. of Education*, 284 S. C. 401, 327 S. E. (2d) 322 (1985). Damages for medical expenses and loss of consortium suffered by an individual due to injuries to his or her spouse are "personal injuries" and not "bodily injuries." *Sheffield v. American Indemnity Company*, 245 S. C. 389, 140 S. E. (2d) 787 (1965); *Sossamon v. Nationwide Mutual Insurance Company*, 243 S. C. 552, 135 S. E. (2d) 87 (1964). Injuries recoverable under the Wrongful Death Act such as pecuniary loss, mental shock and suffering, wounded feelings, grief, sorrow, and loss of society and companionship are not "bodily injuries" but are "personal injuries." *Toney*, 284 S. C. at 405, 327 S. E. (2d) at 325.

The South Carolina Supreme Court adopted the cause of action for negligent infliction of emotional distress in *Kinard v. Augusta Sash and Door Co.*, 286 S. C. 579, 336 S. E. (2d) 465 (1985). In enunciating the elements of the cause of action the Court adopted the approach outlined in *Dillon v. Legg*, 68 Cal. (2d) 728, 69 Cal. Rptr. 72, 441 P. (2d) (1968). Of particular relevance to this case is the fifth element of the cause of action which requires the emotional distress to "both manifest itself by physical symptoms capable of objective diagnosis and be established by expert testimony." *Kinard*, 286 S. C. at 583, 336 S. E. (2d) at 467.

Candus Ramsey may recover damage resulting from witnessing the accident involving her daughter if she meets all the elements of the *Kinard* test. However, the real question in this case is whether her claim would be a separate "bodily injury" thereby invoking the per accident coverage under the State Farm policy. The *Dillon* case dealt with a situation where the parent of a child observed an accident involving the child and as a result suffered a shock which resulted in physical injury. The Supreme court of California specifically confined its ruling in *Dillon* to that fact situation. *Dillon*, 69 Cal. Rptr. at 80, 441 P. (2d) at 920. The South Carolina Supreme Court emphasized the *Dillon* limitation of emotional trauma manifested by phsysical symptoms. *Kinard*,

286 S. C. at 582, 336 S. E. (2d) at 467.

The California courts have addressed the coverage issue raised in this case in *Employers Casualty Insurance Co. v. Foust*, 29 Cal. App. (3d) 382, 105 Cal. Rptr. 505 (1972). The case held the term "bodily injury" as used in a liability insurance policy included physical injury caused by emotional distress in a *Dillon* bystander situation. Further, the California court held the coverage was not limited to the one person liability limit because more than one person had suffered bodily injury as a result of the conduct of the insured. Since our Supreme Court has adopted the approach of the California court in defining the tort of negligent infliction of emotional distress the approach of that court in construing the coverage question is instructive.

State Farm relies upon the interpretation of the Court of Appeals of Washington in *United Pacific Insurance Company v. Edgecomb*, 41 Wash. App. 741, 706 P. (2d) 233 (1985). The Washington court held the claim of a father for emotional distress due to injuries suffered by his son was a claim for consequential damages and was derivative to the claim of the son. The court held applicable only the single limit of coverage for bodily injury to one person. The court distinguished the *Foust* case. In distinguishing *Foust* the court stated Mr. Edgecomb was claiming damages for his injuries resulting from witnessing the consequences of the accident upon his son and not from witnessing the occurrence of the accident itself. Therefore, the *Edgecomb* case is not a true example of a *Dillon* fact scenario.

I concur with the majority opinion since I would adopt the interpretation of the California court in the *Foust* case.