541 A.2d 632

Paul Joseph DALEY, Personal Representative et al.

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION.

No. 48, Sept. Term, 1986.

Court of Appeals of Maryland.

May 27, 1988.

David B. Lamb (Lamb & Ochs, on the brief), Washington, D.C., for appellant.

Don F. Ryder, Jr. (Schroeder, Ryder, Braden, on the brief), Rockville, for appellee.

Argued before MURPHY, C.J., ELDRIDGE, COLE, RODOWSKY, COUCH* and ADKINS, JJ., and ROBERT L. KARWACKI, Associate Judge of the Court of Special Appeals, Specially Assigned.

COLE, Judge.

The question presented in this case is whether solatium damages claimed in a wrongful death action by parents who were not present at the automobile accident in which their minor child was killed are "bodily injury" damages under the occurrence provisions of an automobile liability insurance policy.[1]

The facts giving rise to the question may be summarized as follows. Paul Daley Jr., a minor, was killed by a car driven by James Edward Dyer (Dyer). Paul's parents, Paul Joseph Daley Sr. and his wife, Mary B. Daley (the Daleys), neither of whom was present at the occurrence, brought wrongful death and survival actions against Dyer. Consent judgments totalling $225,000 were entered: $74,000 compensatory damages and $1,000 punitive damages on the survival claim and $75,000 compensatory damages to each

---

* Couch, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

1. This is the second time this case is before this Court. In *Daley v. United Services Auto. Ass'n*, 303 Md. 290, 493 A.2d 346 (1985), we remanded so the trial court could declare the rights of the parties.

parent on the wrongful death claim. Dyer's insurer, United Services Automobile Association (USAA), tendered $100,000 toward the judgment on the premise that only the decedent suffered a "bodily injury."

Dyer's policy with USAA provided in pertinent part as follows:

PART I—LIABILITY

Coverage A—Bodily Injury Liability . . .: to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

A.   Bodily Injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury" sustained by any person. . . .

\*     \*     \*     \*     \*     \*

Limits of Liability: The limit of bodily injury liability stated in the Declarations as applicable to "each person" is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury sustained by one person as the result of any one occurrence; the limit of such liability stated in the Declarations as applicable to "each occurrence:", is, subject to the above provision respecting each person, the total limit of the company's liability for all such damages arising out of bodily injury sustained by two or more persons as the result of any one occurrence.

\*     \*     \*     \*     \*     \*

Coverages—Limits of Liability

A.   Bodily Injury Liability each person—$100,000.00— Each Occurrence—$200,000.00

In sum, USAA's obligation to pay on Dyer's behalf was subject to two limits: (1) a $100,000 "each person" limit for all damages, including damages for care and loss of services arising out of bodily injury sustained by one person as the result of any one occurrence; and (2) a $200,000 "each occurrence" limit for all such damages arising out of bodily injuries sustained by two or more persons as a result of any one occurrence.

■ The Daleys were dissatisfied with the $100,000 payment and asserted that their solatium damages constituted bodily injuries independent of their son's, thereby making applicable the policy limit of $200,000.[2]   Consequently, USAA sought a declaratory ruling in the Montgomery County Circuit Court stating that its liability to the Daleys was fulfilled by payment of $100,000 pursuant to the one person limit.   In granting USAA's motion for summary judgment, the Honorable L. Leonard Ruben held that only Paul Daley Jr. suffered "bodily injury" within the meaning of the policy and therefore the $100,000 limit applied.   In the circuit court's view, the Daleys' solatium damages arose out of their son's injury and thus did not invoke the each occurrence $200,000 liability limit.

The Daleys appealed this result to the Court of Special Appeals, but we granted certiorari before consideration by the intermediate appellate court.

Automobile liability policies commonly limit the insurer's liability to a given amount where the insured's accident causes bodily injury to one person, and to a further amount where two or more persons suffer bodily injury in one accident.   For example, USAA's policy with Dyer limited recovery to $100,000 per person suffering bodily injury, and to a total of $200,000 per occurrence, should more than one person suffer bodily injury.

■ Under policies fixing a maximum recovery for "bodily injury" to one person, the vast majority of courts have held that such a "per person" liability limitation applies to

---

2.  By solatium damages we mean those damages allowable pursuant to Md.Code (1974, 1984 Repl.Vol.), § 3–904(d) of the Courts and Judicial Proceedings Article.   The subsection reads:

   (d) *Damages if spouse or minor child dies.*—For the death of a spouse, minor child, or parent of a minor child, the damages awarded under subsection (c) are not limited or restricted by the "pecuniary loss" or "pecuniary benefit" rule but may include damages for mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, marital care, parental care, filial care, attention, advice, counsel, training, guidance, or education where applicable.

all claims of damage flowing from such bodily injury. Annotation, *Construction and Application of Provision in Liability Policy Limiting the Amount of Insurer's Liability to One Person,* 13 A.L.R.3d 1228, 1234 (1967 & Supp. 1987). Therefore, such consequential or derivative damages are computed together with the claim for bodily injury of which they are a consequence.

These principles have been applied in wrongful death actions. For example, where a widow and two children sued over the death of the husband-father, the limit of liability was that for bodily injury to one person. "[T]he limit[ ] as to 'each person' relates to a person suffering bodily injury and not to the person or persons who may suffer damages in consequence of such injury." *Williams v. Standard Acc. Ins. Co. of Detroit,* 188 F.2d 206 (5th Cir.1951). *See also Lopez v. State Farm Fire & Casualty Co.,* 250 Cal.App.2d 210, 58 Cal.Rptr. 243 (1967); *Valdez v. Interinsurance Exchange of the Auto. Club of So. Calif.,* 246 Cal.App.2d 1, 54 Cal.Rptr. 906 (1966); *Hutton v. Martin,* 43 Wash.2d 574, 262 P.2d 202 (1953).

Where state law creates a right to damages for mental anguish suffered by those in specified relationships to the person who suffers bodily injury or death, it has been held that the damages for mental anguish are, in effect, derivative of the single bodily injury. In Florida the wrongful death act in part provides that "[e]ach parent of a deceased minor child may also recover for mental pain and suffering from the date of injury." Fla.Stat.Ann. § 768.21 (1986). *Skroh v. Travelers Ins. Co.,* 227 So.2d 328 (Fla.App.1969), involved a father whose son had been killed in an automobile accident. The father sued for his own emotional suffering resulting from the son's death and also sued as administrator of the son's estate. Judgments totalling $31,250 were entered. Two carriers covered the adverse operator for liability and each paid the $10,000 maximum under its policy for damages resulting from bodily injury or death to one person. The father contended that his pain and suffering constituted a "sickness or disease" within the policies'

definition of "bodily injury." Rejecting this contention the court said:

> The bodily injury referred to in the policy, we think, clearly indicates only such injury to the body of the injured, or a sickness or disease contracted by the injured as a result of injury, the same as the death resulting therefrom, and cannot be properly construed to include the pain and suffering of a survivor as falling within the terms "sickness or disease" resulting to the injured.

*Id.* at 330.

To like effect is *West American Ins. Co. v. Buchanan,* 11 Wash.App. 823, 525 P.2d 831 (1974). A Washington statute provided that a parent could "maintain an action as plaintiff for the injury or death of a minor child" in which "damages may be recovered for the loss of love and companionship of the child and for injury to or destruction of the parent-child relationship...." *Id.* at 824 n. 1, 525 P.2d at 832 n. 1. Parents whose ten year old daughter had been seriously injured in an automobile accident but who had not themselves sustained any direct physical impact claimed that the statute permitted them to recover for their own "bodily injury" so that the occurrence limit applied. The court held:

> Grief, mental anguish and suffering are arguably more similar to the "pain and suffering" element of direct damages for a "bodily injury" than to such consequential damages as medical expenses and loss of wages. But we are persuaded that grief and mental anguish are also consequential damages rather than direct damages because their recovery is necessarily dependent upon the injury to another person—the child.

*Id.* at 827, 525 P.2d at 833.

In a similar case involving the same Washington statute, the court said that "the damage award for injuries to the child is combined with the damage award for the parent's anguish and grief which are derivative of and entirely dependent on the injury to the child." *United Pacific Ins.*

*Co. v. Edgecomb,* 41 Wash.App. 741, 743, 706 P.2d 233, 234 (1985).

The Daleys' claim for solatium damages is also similar to a claim for loss of consortium, *e.g., Thompson v. St. Paul Fire and Marine Ins. Co.,* 108 Idaho 802, 702 P.2d 840 (1985) (spouse's loss of consortium claim derives from the patient's injury and thus does not trigger a second liability limitation for damages); *United Services Auto. Ass'n v. Warner,* 64 Cal.App.3d 957, 135 Cal.Rptr. 34 (1976) (loss of consortium is a loss sustained because of injuries to one person, making the "per person" limit applicable); and to consequential financial injury, *e.g., Pacific Indemnity Co. v. Interstate Fire & Casualty Co.,* 302 Md. 383, 488 A.2d 486 (1985) (father's claim for financial injury arising out of infant's personal injuries is governed by single per injury limit of liability); *Gaines v. Standard Acc. Ins. Co.,* 32 So.2d 633 (La.App.1947) (father's consequential financial injury due to son's bodily injury is governed by per person limit, not per occurrence limit).[3] *See also* cases collected at Annotation, *supra,* 13 A.L.R.3d 1228 and 8A J. Appleman *Insurance Law and Practice* § 4893, at 60 n. 22 (1981).

In *Warner, supra,* a California intermediate appellate court construed a USAA policy which, except for different dollar limits, was essentially the same as the policy at issue here. After finding that the plaintiff's loss of consortium claim arose out of his wife's bodily injuries, the court stated:

---

**3.** Although cases involving claims for loss of consortium under the laws of other states are relevant to the policy limits issue before us, we do not imply that the substantive law of other states concerning loss of consortium is necessarily relevant in Maryland. *Deems v. Western Maryland Ry. Co.,* 247 Md. 95, 231 A.2d 514 (1967), held that loss of consortium is a claim for injury to the marital relationship which can be asserted only in a joint action by husband and wife. Because "loss of consortium is an injury to the marital relationship, an entity, and not bodily injury sustained by a person," the policy limit for one person, the spouse suffering bodily injury, applies. *Travelers Indemnity Co. v. Cornelsen,* 272 Md. 48, 51, 321 A.2d 149, 150 (1974).

[T]he principle consistently followed has been that where one person was injured or killed in the accident or occurrence, the single injury limit applied, regardless of the number of persons damaged as a result of that injury....

... [T]he vast majority of jurisdictions follow the principle that all damage claims, direct or consequential, ... resulting from injury to one person, are subject to the "per person" limitation....

64 Cal.App.3d at 963, 135 Cal.Rptr. at 37.[4]

Subsequent to *Warner*, another California intermediate appellate court decided *Abellon v. Hartford Ins. Co.*, 167 Cal.App.3d 21, 212 Cal.Rptr. 852 (1985), the case upon which the Daleys rely as the principal support for their argument. The insurance policy in *Abellon* stated as follows: "The most we will pay for all damages resulting from bodily injury to any one person caused by any one accident is the limit of bodily injury liability shown in this endorsement for 'each person.'" *Id.* at 24, 212 Cal.Rptr. at 853. The *Abellon* court held that under this provision loss of consortium was a separate "bodily injury," thus triggering a second "per person" coverage limitation. *Id.* at 33, 212 Cal.Rptr. at 859.

The Daleys analogize their psychic injuries to a claim for loss of consortium and rely on the majority opinion in *Abellon* to support their argument that psychic injuries should qualify as bodily injuries. As we have shown above *Abellon* represents a minority position which is not persuasive to us. Indeed, none of the courts which have cited the *Abellon* opinion has adopted its holding that loss of consortium is a bodily injury which triggers a second per person liability limit. *See Lepic v. Iowa Mut. Ins. Co.*, 402

---

**4.** *See also Pacific Indemnity Co. v. Interstate Fire & Casualty Co.*, 302 Md. 383, 403 n. 3, 488 A.2d 486, 496 n. 3 (1985), where this Court noted that, if the "each claim" limit was in terms of *bodily* injury sustained by any one person,

then the overwhelming majority of cases would apply only one liability limit to the bodily injury of the child and to the derivative claim of the parent combined.

N.W.2d 758 (Iowa 1987) (parents' loss of consortium as a result of injuries to their children is not "bodily injury;" declining to follow *Abellon* ); *Albin v. State Farm Mut. Auto. Ins. Co.,* 498 So.2d 171 (La.App.1986) (loss of consortium and society, especially in the absence of any physical manifestations or injuries resulting from such loss, is not a bodily injury); *Bain v. Gleason,* 726 P.2d 1153 (Mont.1986) (husband's loss of consortium claim due to wife's injuries subject to one person limitation); *Safeco Ins. Co. of America v. Simmons,* 642 F.Supp. 305 (N.D.Cal.1986) (loss of consortium claim arose out of bodily injury to spouse who can no longer perform conjugal functions, not bodily injury to spouse suffering loss).

To support that each of them has suffered a bodily injury, the Daleys cite the language of the Court of Special Appeals in *Loewenthal v. Security Ins. Co. of Hartford,* 50 Md.App. 112, 436 A.2d 493 (1981), that the term " 'bodily injury' ... encompasses the claim of pain, suffering, and mental anguish." *Id.* at 123, 436 A.2d at 499. *Loewenthal* concerned a comprehensive general liability insurer's duty to defend a suit brought by homeowners against its insured, a home builder. Noting that the insurance policy obligated the insurer to defend any suit seeking damages against the insured even if the suit was frivolous and groundless, the court held that the insurer was obligated to defend against the plaintiffs' claims of pain, suffering, and mental anguish. *Loewenthal* is, therefore, clearly inapplicable to the case at bar because it dealt with the duty to defend and not with the application of policy limits.

Moreover, the Daleys' citation to *Employers Casualty Ins. Co. v. Foust,* 29 Cal.App.3d 382, 105 Cal.Rptr. 505 (1972), is of no assistance to them. In *Foust,* the trial court had determined that the mother of an injured child suffered emotional distress and resulting physical injuries as a proximate result of witnessing the collision of an automobile with her child; additionally, the court found that the child's father, who learned of the child's serious injuries within ten minutes of the accident, also suffered emotional distress

and resulting physical injuries. Based on these facts, the *Foust* court held that the per occurrence limit applied because "the term 'bodily injury' in appellant's policy covers bodily or physical injury even where such injury is proximately caused, not by direct collision, but by emotional distress induced directly or indirectly by such collision." 29 Cal.App.3d at 387, 105 Cal.Rptr. at 508. That theory of liability upon which *Foust* is based was not alleged against Dyer by the Daleys.[5] Instead, the Daleys pleaded a statutorily created claim for solatium damages based on the theory that Dyer's negligence had caused the death of their son. The Daleys never asserted that Dyer, by his negligence, had breached a duty owed to each of the Daleys which proximately caused them emotional distress and resulting physical injuries.

The Daleys' final contention is that because USAA's policy failed to explicitly specify that consequential psychic injuries arising out of bodily injury to one person were subject to the each person limit, Dyer surely anticipated that he would be covered for *any* damage claims which flowed from his negligent conduct. The Daleys conclude that they should not be penalized for USAA's omission. We reject this argument. Although a reasonable layman reading the contract would anticipate that all recoverable consequential damages (including psychic damages) arising out of bodily injury to one person were covered by the policy, he would also realize that such coverage was limited to $100,-000. A reasonable layman would not, as the Daleys argue, assume that such coverage was unlimited. The policy clearly informed the insured as to what coverage he was receiving. It provided that all consequential damages were subject to the each person liability limitation. As stated in the *Abellon* dissent: "The simple, pure 'all' is the most comprehensive word in the English language. There is no way to

---

**5.** We intimate no opinion on the availability of the Foust theory to survivors who were not in the zone of danger of the negligence which caused their decedent's death.

expand on it or improve it." 167 Cal.App.3d at 34, 212 Cal.Rptr. at 860. Therefore, it is immaterial that USAA did not specifically list psychic damages as subject to the $100,000 limit. Solatium injuries, as any other consequential injuries, are subject to the each person limit. Since the Daleys suffered no separate and distinct bodily injuries of their own as a result of the accident, USAA owes only $100,000, which it has already paid.

For the foregoing reasons, the judgment of the trial court is affirmed.

JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AFFIRMED. APPELLANT TO PAY THE COSTS.