647 A.2d 1297

# NATIONWIDE MUTUAL INSURANCE CO.

v.

## Thomas G. SCHERR, et al.

## No. 153, Sept. Term, 1994.

Court of Special Appeals of Maryland.

Sept. 30, 1994.

Steven R. Silberman, Towson, for appellant.

Jeffrey N. Pritzker (William F. Fields, Margolis, Pritzker & Epstein on the brief) Towson, for appellees.

Argued before BLOOM, FISCHER and DAVIS, JJ.

DAVIS, Judge.

This is an appeal from an order of the Circuit Court for Baltimore County granting summary judgment in favor of appellees, Thomas G. Scherr, individually, and as personal representative of the estate of Daun Kathleen Scherr, deceased, and as parent and next friend of William Gavin Scherr and Zachary Scherr. The case arises out of an automobile accident involving Daun Kathleen Scherr and an individual insured by appellant, Nationwide Mutual Insurance Company (Nationwide). Appellees filed a suit for declaratory judgment asking the circuit court to establish the maximum amount of Nationwide's liability under the insurance policy. Appellees contend that Nationwide's liability under the insurance policy was not limited to a $100,000 "per person" amount, but rather that the policy was limited only by the "per occurrence" amount of $300,000. Nationwide contested the Scherrs' claim on the ground that only one person suffered bodily injury in the accident; consequently, the per person limit of $100,000 applied. Both parties moved for summary judgment, each claiming that there was no dispute of material fact and that each was entitled to judgment as a matter of law. The trial judge denied Nationwide's motion on December 1, 1993, and granted the Scherrs' motion on December 7, 1993. On January 5, 1994, appellant noted an appeal to this Court from the December 7 summary judgment ruling and presented the following issue for review:

Did the lower court err in construing the policy to say that loss of services was "bodily injury" to a person not involved directly in the accident, and compensable as such under a separate per person limit?

## FACTS

On March 21, 1990, Daun Kathleen Scherr died as a result of injuries sustained in an automobile accident allegedly caused by the negligence of Donald Fisher. At the time of the accident, Fisher was insured by appellant, Nationwide, for liability arising out of the use of Fisher's automobile. Ms. Scherr was survived by her husband, Thomas G. Scherr, and two minor children, William Gavin Scherr and Zachary Scherr. The Scherrs claim that each of them individually suffered loss of Daun Kathleen's services as a result of her death and seek compensation as individual claimants. Nationwide asserts that since Daun Kathleen Scherr was the only person who suffered bodily injury in the accident, Nationwide's maximum amount of liability is limited to the per person amount in the policy.

The relevant portions of the insurance policy, as amended by Endorsement 1952A, provide:

**COVERAGE**

**PROPERTY DAMAGE & BODILY INJURY LIABILITY COVERAGE**

Under this coverage, if you become legally obligated to pay damages resulting from the ownership, maintenance, use, loading or unloading of your auto, we will pay for such damages.... Damages must involve:

1. property damage, ... or

2. bodily injury, meaning bodily injury, sickness, disease, or death of any person.

.    .    .    .    .

## LIMITS OF PAYMENT
## AMOUNTS PAYABLE FOR LIABILITY LOSSES

Our obligation to pay property damage or bodily injury liability losses is limited to the amounts per person and per occurrence in the attached Declarations. The following conditions apply to these limits:

· · · · ·

2. Bodily injury limits shown for any one person are for all legal damages, including care or loss of services, claimed by anyone for bodily injury to one person as a result of one occurrence. Subject to this limit for any one person, the total limit of our liability shown for each occurrence is for all damages, including care or loss of services, due to bodily injury to two or more persons in any one occurrence.

The Declarations page that accompanied the insurance policy set the policy limits at "$100,000 each person" and "$300,000 each occurrence."

The language in dispute is contained in the first sentence of paragraph 2 under "Limits of Payment." Nationwide interprets the phrase "including care or loss of services" in this sentence as describing the type of damages that may be compensable when a single person suffers bodily injury. Under Nationwide's interpretation, the Scherrs' claims are subject to the $100,000 per person limitation. The Scherrs, on the other hand, argue that the phrase should be interpreted to mean that loss of services is a separate type of bodily injury that can be claimed by any person, even if not physically injured in the accident. Under this interpretation, each person who claims loss of services may be recompensed up to $100,000, subject to the $300,000 per occurrence limitation.

### LEGAL ANALYSIS

■■■ Summary judgment is appropriate where there is no dispute as to any material fact and the moving party is entitled to judgment as a matter of law. MD. RULE 2–501. In reviewing a trial court's grant of summary judgment, this Court must determine whether the trial court's ruling was legally correct. *Beatty v. Trailmaster Prods. Inc.*, 330 Md. 726, 737, 625 A.2d 1005 (1993); *Heat & Power Corp. v. Air*

*Prods. & Chems., Inc.,* 320 Md. 584, 591, 578 A.2d 1202 (1990). The appellate court reviews the same information from the record and decides the same issues of law as the trial court. *Heat & Power Corp.,* 320 Md. at 591–92, 578 A.2d 1202. Although summary judgment in a declaratory judgment action is "the exception rather than the rule," summary judgment may be warranted where there is no dispute as to the terms of an insurance contract but only as to their meaning. *Loewenthal v. Security Ins. Co.,* 50 Md.App. 112, 117, 436 A.2d 493 (1981). In the case *sub judice,* both parties agree on the terms of the insurance contract but disagree as to the proper interpretation. Since the extent of Nationwide's liability rests on the construction of the disputed language, rather than on the language itself, this is a proper question of law for the court.

In the interpretation of an insurance contract, the court should follow general rules of contract construction and examine the policy as a whole. *Cheney v. Bell Nat'l Life Ins. Co.,* 315 Md. 761, 766–67, 556 A.2d 1135 (1989); *Pacific Indem. Co. v. Interstate Fire & Casualty Co.,* 302 Md. 383, 388, 488 A.2d 486 (1985). Absent evidence that the parties intended a special or technical meaning, words are accorded their usual, ordinary, and accepted meanings. *Cheney,* 315 Md. at 766, 556 A.2d 1135; *Pacific Indem. Co.,* 302 Md. at 388, 488 A.2d 486. A word's ordinary meaning is the meaning that a reasonably prudent layperson would give to the term. *Pacific Indem. Co.,* 302 Md. at 388, 488 A.2d 486. If a reasonable layperson could infer two different meanings from the language used, the language is ambiguous. *Id.* at 389, 488 A.2d 486. The court may still construe an ambiguous contract, however, where there is no factual dispute presented by the evidence. *Id.* Maryland does not follow the rule, adopted in some states, that an insurance policy is to be construed most strongly against the insurer. *Cheney,* 315 Md. at 766, 556 A.2d 1135. Under general principles of contract law, however, an insurance contract that is still ambiguous, after the court has considered any extrinsic or parol evidence, will be construed against the insurer as the drafter of the policy. *Collier*

*v. MD–Individual Practice Ass'n,* 327 Md. 1, 6, 607 A.2d 537 (1992); *Cheney,* 315 Md. at 767, 556 A.2d 1135.

■ The first sentence of paragraph 2 under "Limits of Payment" contains the disputed language in the present case: "Bodily injury limits shown for any one person are for all legal damages, including care or loss of services, claimed by anyone for bodily injury to one person as a result of one occurrence." Applying the usual, ordinary, and accepted meanings of the terms, in our view, the disputed sentence is unambiguous. Since the sentence is unambiguous, there is no need to construe it strictly against Nationwide. *Winterwerp v. Allstate Ins. Co.,* 277 Md. 714, 718, 357 A.2d 350 (1976). The phrase "including care or loss of services" can only be interpreted as modifying "legal damages," not as modifying "bodily injury." "Loss of services" describes one type of damages that may be claimed as the result of bodily injury to one person. The phrase "claimed by anyone" means that any number of people can claim legal damages for bodily injury to one person, as long as the aggregate amount is not more than $100,000. Taken as a whole, the sentence means that all legal damages, including loss of services claimed by anyone, are considered a part of one person's bodily injury. A reasonably prudent layperson reading Nationwide's policy would correctly believe that all consequential damages arising out of bodily injury to one person were covered under the policy; however, he or she would also believe that coverage was limited to the per person maximum amount of $100,000. In the instant case, three people suffered loss of services as the result of Daun Kathleen Scherr's death—her husband and her two sons. Under Nationwide's policy, each may make a claim for loss of services, but since Daun Kathleen Scherr was the only person who suffered bodily injury, the total claim is subject to the per person limit of $100,000.

Case law supports this interpretation. The Court of Appeals has held that bodily injury does not usually encompass loss of services in insurance contracts. *Daley v. United States,* 312 Md. 550, 553–54, 541 A.2d 632 (1988). Rather, loss

of services is considered to be a type of consequential or derivative damages arising out of the bodily injury to another person. *Valliere v. Allstate Ins. Co.*, 324 Md. 139, 143, 596 A.2d 636 (1991); *Daley*, 312 Md. at 553–60, 541 A.2d 632; *Travelers Indem. Co. v. Cornelsen*, 272 Md. 48, 51, 321 A.2d 149 (1974). Consequential damages, including loss of consortium and services, are computed as part of the bodily injury claim of which they are a consequence. *Daley*, 312 Md. at 554, 541 A.2d 632. *See Pacific Indem. Co.*, 302 Md. at 403 n. 3, 488 A.2d 486 (citing numerous cases where other courts held that consequential damages are not recoverable under separate liability limits). A great number of other jurisdictions construing similar insurance policy language are in agreement with the Maryland courts. *See, e.g., Izzo v. Colonial Penn Ins. Co.*, 203 Conn. 305, 524 A.2d 641 (1987) (loss of consortium claim "inextricably attached" to claim of injured spouse and subject to per person limit); *Thompson v. St. Paul Fire & Marine Ins. Co.*, 108 Idaho 802, 702 P.2d 840 (1985) (loss of consortium does not generate separate claim liability under policy); *Moore v. State Farm Mut. Ins. Co.*, 710 S.W.2d 225 (Ky.1986) (loss of consortium claim falls under insurance claim of physically injured spouse); *Gillchrest v. Brown*, 532 A.2d 692 (Me.1987) (loss of consortium claim subject to same per person limit as bodily injury claim); *United Pac. Ins. Co. v. Edgecomb*, 41 Wash.App. 741, 706 P.2d 233 (1985) (damages for mental anguish are derivative from bodily injury to another and subject to single per person limit in policy); *Richie v. American Family Mut. Ins. Co.*, 140 Wis.2d 51, 409 N.W.2d 146 (1987) ("each person" limit for bodily injury includes consequential damages such as family's medical expenses or loss of consortium). *See also Valliere*, 324 Md. at 143 n. 2, 596 A.2d 636 (citing cases from other jurisdictions in which the court held that loss of consortium or services is not usually considered a bodily injury); 8A J. APPLEMAN, INSURANCE LAW AND PRACTICE § 4893, at 60 (1981 & Supp.1993) (citing additional cases supporting premise that consequential damages are subject to same per person policy limits as bodily injury claim).

An examination of the policy as a whole lends further support to this Court's interpretation. Nationwide does not include loss of services in its definition of bodily injury in the "Coverage" section of the policy. Its policy is unlike the policy in *Valliere*, which specifically included loss of services within the definition of bodily injury. In *Valliere*, the insurance policy at issue defined bodily injury as "bodily injury, sickness, disease or death to any person, including loss of services." *Valliere*, 324 Md. at 141, 596 A.2d 636. In light of this specific language, the Court held that each loss of services claimant sustained bodily injury under the language of the policy. *Id.* at 147, 596 A.2d 636. Although the insurance policy's definition of bodily injury in *Valliere* differed from the ordinary understanding of the term, the insurer was bound by the definition it had chosen. *Id.* at 143, 596 A.2d 636. In Nationwide's policy, by contrast, bodily injury is defined as "bodily injury, sickness, disease, or death of any person." Loss of services is not mentioned in the definition. If Nationwide had intended to cover loss of services claims as distinct from the claims of the person physically injured, it could have included loss of services in the definition of bodily injury.

For the foregoing reasons, the circuit court summary judgment ruling was not based on a legally correct interpretation of the disputed language. Mr. Scherr and his sons each have valid claims for the loss of Daun Kathleen Scherr's services. Individual loss of services claims, however, do not entitle the Scherrs to individual claims for damages independent of the claim for Daun Kathleen Scherr's bodily injury. The loss of services claims are consequential damages flowing from and arising out of the bodily injury and death of Daun Kathleen Scherr. Daun Kathleen Scherr was the only person who suffered bodily injury as defined in Nationwide's policy. Consequently, the Scherrs' recovery for loss of services is limited to the policy's per person amount of $100,000.

**JUDGMENT VACATED; CASE REMANDED FOR ENTRY OF SUMMARY JUDGMENT AND OF A DECLARATION IN CONFORMITY WITH THIS OPINION.**

**COSTS TO BE PAID BY APPELLEES.**